William R. GIFFORD et al., Appellants,

v.

OLD REPUBLIC INSURANCE COMPANY et al., Appellees.

No. B2515.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 18, 1981.

Rehearing Denied March 18, 1981.

R. Mayo Davidson; Davidson & Davidson, Houston, for appellants.

Marshall B. Brown, Bellaire, for appellees.

Before COULSON, MILLER and MURPHY, JJ.

MURPHY, Justice.

William R. Gifford and Harold Gunn appeal from a summary judgment entered in favor of Old Republic Insurance Company and Reagan Commerce Bank. The suit was for recovery of the balance due on a promissory note.

Appellants, William R. Gifford and Harold Gunn, the defendants below, executed the note and a security agreement for a loan received from Reagan Commerce Bank (Reagan), one of the appellees herein. Reagan assigned the note and security agreement to appellee Old Republic Insurance Co. (Republic). Appellants defaulted on the note, resulting in this suit being instituted.

The Appellees, as plaintiffs below, filed their petition December 12, 1979 alleging $5,393.76 to be the balance due and also prayed for reasonable attorney's fees of no less than two thousand dollars ($2,000.00). A copy of the note and security agreement were attached to the petition. Defendants on February 4, 1980, answered with a general denial (Tex.R.Civ.P. 92 (1978)).

Thereafter, on February 14, the plaintiffs filed a motion for summary judgment, claiming the same relief prayed for in their petition. In support of the motion, the plaintiffs' attorney filed an affidavit stating that it was his opinion the fee of two thousand dollars ($2,000.00) was a reasonable attorney's fee for this suit. Other supporting evidence was the verified motion with copies of the promissory note and security agreement attached thereto.

Defendants filed their first amended original answer March 24, alleging the defense of estoppel, and also set up a counterclaim claiming that prior to recovering any judgment on the note, the plaintiffs should be required to establish and foreclose its lien on the collateral pledged in the security agreement. Defendants' attorney, on the same day, filed a controverting affidavit stating in his opinion the sum of three hundred dollars ($300.00) was a reasonable attorney's fee for the plaintiffs' attorney. The trial judge, after a hearing on the motion, granted the summary judgment by order signed and dated May 8, 1980.

■ Appellants' first and second points of error contend the trial court erred in granting the summary judgment because the pleadings and affidavits on file presented a genuine issue of material fact relating to defendants' defenses. Defendants base their contention on the ground the defenses set out in their first amended original answer raised a material fact issue. We disagree. The defendants failed to properly present these allegations as admissible summary judgment evidence.

Tex.R.Civ.P. 166–A(c) (1978), states in relevant part, "Issues not expressly present-

ed to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." The Texas Supreme Court interprets the literal meaning of this rule in *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 677 (Tex.1979):

> "The word 'written' modifies not only the word 'motion', but also the words 'answer' and 'other response'. The 'issues' required by the rule to be 'expressly presented' are those pointed out to the trial court in written motions, written answers or written responses to the motion. The term 'answer' in the context of the rule refers to an answer to the motion, not an answer generally filed in response to a petition."

The Court further pointed out "pleadings are not to be considered in determining whether fact issues are expressly presented in summary judgment motions." (Id. at 678). This latter rule comes directly from the leading case of *Hidalgo v. Surety Savings and Loan Association*, 462 S.W.2d 540 (Tex.1971). In that case the Court stated:

> "Pleadings simply outline the issues; they are not evidence, even for summary judgment purposes." (Id. at 543).

The Court pointed out the purpose for this rule:

> "On balance, we are convinced that orderly judicial administration will be better served in the long run if we refuse to regard pleadings, even if sworn, as summary judgment evidence. Taking this course will make for more orderly trials with fewer problems for courts and attorneys.

> \* \* \*

> The trial process includes both the pleading and the trial stages, whether the trial stage be in summary or conventional trial proceedings. If trial judges will be diligent in requiring in summary judgment proceedings that trial be on independently produced proofs, such as admissions, affidavits and depositions, the rule we have here approved should present no problems." (Id. at 545).

It should be noted the rule that the pleadings do not constitute summary judgment proof is not an absolute statement of the law. For example, in *Hidalgo* at page 543 in footnote 1 the Court states:

> "We are not to be understood as holding that summary judgment may not be rendered, when authorized, *on the pleadings*, as, for example, when suit is on a sworn account under Rule 85, Texas Rules of Civil Procedure, and the account is not denied under oath as there provided, or when the plaintiff's petition fails to state a legal claim or cause of action. In such cases summary judgment does not rest on proof supplied by pleading, sworn or unsworn, but on deficiencies in the opposing pleading."

The Court in *City of Houston, id.*, at page 678 points out the following predicate to the rule that pleadings do not constitute summary judgment proof:

> "The trial court may not grant summary judgment by default for lack of an answer or response to the motion by the non-movant when the movant's summary judgment is legally insufficient. The movant still must establish his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of his cause of action or defense as a matter of law. *See Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972). Summary judgments must stand on their own merits, and the non movant's failure to answer or respond cannot supply by default the summary proof necessary to establish the movant's right."

In the case at bar, the Appellants plead the defense of estoppel only in their first amended original answer. We do not construe this pleading as a response to the summary judgment, but merely an answer generally filed by the defendants in response to a petition. *Hidalgo v. Surety Savings and Loan Association*, 462 S.W.2d 540; *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671; *Feller v. Southwestern Bell Telephone Co.*, 581 S.W.2d 775, 776 (Tex.Civ.App.—Houston

[14th Dist.] 1979, no writ). Accordingly, we overrule points of error one and two.

Appellants in point of error three contend the trial court erred in awarding plaintiff judgment for two-thousand dollars ($2,000.00) in attorney's fees because the affidavits on file presented a genuine issue of material fact as to the amount thereof in excess of three-hundred dollars ($300.00). We agree. Appellees, in their original petition and motion for summary judgment claimed attorney's fees based on Tex.Rev. Civ.Stat.Ann. art. 2226 (Vernon Supp. 1980–1981), such total amount being no less than two-thousand dollars ($2,000.00). Article 2226, in relevant part, provides that for suits such as the one presently on appeal, a claimant, upon giving thirty day notice before trial to the adverse party, may recover, in addition to his claim and costs, a reasonable amount as attorney's fees. The statute further provides, "[t]he usual and customary fee in cases similar to one presently before the court shall be presumed to be reasonable, *but such presumption may be rebutted by competent evidence.*" (emphasis added)

Appellees prayed for attorney's fees as set out in the note. In relevance to this point, the note provides "debtor agrees to pay attorney's fees assessed by a court". The fees "to be assessed by the court" in this case are those fees which are reasonable as required in article 2226.

In support of the motion for summary judgment and the claim for attorney's fees, the Appellees' attorney filed a supporting affidavit stating pursuant to the reasonable standard set out in art. 2226, an amount of no less than two-thousand dollars ($2,000.00) would be a reasonable fee. Appellants' attorney filed a controverting affidavit in response to Appellees' summary judgment claim for attorney's fees stating three-hundred dollars ($300.00) would be a customary and reasonable amount.

■ We conclude Appellants' controverting affidavit did raise a material fact issue as to what a reasonable amount for attorney's fees would be in this case and therefore the trial court erred in granting summary judgment for attorney's fees. Article 2226 clearly provides that the presumption of what is customary and usual as a reasonable fee may be eliminated by competent evidence.

■ The controverting affidavit by Appellants' attorney is expert testimony. An affidavit by an attorney representing a party in suit, concerning an award of attorney's fees, whether in support or in contradiction of an amount claimed to be reasonable, is considered to be expert testimony. Expert testimony if competent would be of such a nature as to take away the presumption provided in article 2226, and therefore raise a fact issue as to what amount the attorney's fees should be. Accordingly, the trial judge erred in granting summary judgment awarding attorney's fees.

Another matter must be addressed by this court which was not presented by either side. Upon examination of the record, we find the trial court failed to assess costs against the Appellee or Appellant. We therefore order the trial court to levy costs of the trial in the amounts required by law.

The judgment of the trial court is affirmed as to the award for default on the note, and reversed and remanded for a determination of what should be awarded to Appellees for attorney's fees. We also remand with instructions for the trial court to levy costs as provided in this opinion.