**GENERAL SPECIALTIES, INC. and Vaughn Boykin, Appellant,**

v.

**CHARTER NATIONAL BANK—HOUSTON, Appellee.**

**No. A14–84–525CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 24, 1985.

Dan Hennigan, Houston, for appellant.

Robert G. Devlin, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is an appeal from a summary judgment based on seven (7) promissory notes. We reverse and remand for trial because we find the motion for summary judgment and the affidavits filed in support of the summary judgment motion do not contain enough information to establish that there is no genuine issue of fact.

Appellants, General Specialties, Inc. and Vaughn Boykin, raise one point of error on appeal. In their point of error, they allege that the trial court erred in granting appellee's motion for summary judgment. They allege error for two reasons. Appellants argue that summary judgment was improper because there were fact issues as to the amount of indebtedness and reasonableness of attorney's fees.

The record shows that the following notes were executed:

| Note No. | Date | Amount |
| --- | --- | --- |
| 3234341–083 | June 8, 1983 | $ 15,264.40 |
| 3234341–085 | June 8, 1983 | 32,802.00 |
| 3234341–094 | June 8, 1983 | 21,538.31 |
| 3234341–104 | June 8, 1983 | 75,000.00 |
| 3234341–105 | June 8, 1983 | 38,402.30 |
| Revolving Credit Note | June 8, 1983 | 500,000.00 |
| 3234341–108 | June 14, 1983 | 20,000.00 |

Appellee, Charter National Bank—Houston, sued on the notes. It filed a motion for summary judgment on February 2, 1984. The motion asks for $286,854.09, but does not explain this amount. Additionally, it asked for $9,191.95 as interest, costs of court, and $29,604.60 for attorney's fees. The affidavit in support of the motion by appellee's attorney, states that $29,604.60 is 10% of the amount owing and is a reasonable and customary fee. The affidavit did not explain the approximately $286,-854.09 asked for in the summary judgment. In another affidavit in support of the summary judgment, appellee's vice-president states that the notes were obtained when appellee paid cash in the amount stated as principal in the notes to appellant, that the notes have matured, that appellant defaulted in his payments on the notes, and that appellant owes $296,046.04, after every payment had been applied. Again, the amount was not explained.

In appellant's response to the motion for summary judgment, they claimed that issues concerning the amount of the indebtedness and the reasonableness of attorney's fees existed. Appellant Vaughn Boykin submitted an affidavit in support of the answer claiming that he did not owe $83,-747.09 of the amount sued for by appellee. In a second affidavit Boykin stated that General Specialties, Inc., has never borrowed in excess of $203,107.00 from appellant, and it did not owe $83,747.09 of the amount sued for by appellee. Appellant's attorney also submitted an affidavit stating that $29,604.60 was not a reasonable attorney's fee. Appellant's attorney alleged that anything in excess of $1,200.00 would be unreasonable in this case.

The trial court granted the summary judgment on June 13, 1984. The court ordered that appellee recover from appellant $286,854.09 as principal amount due, $9,191.95 as interest on the principal, $29,-604.60 as attorney's fees, all court costs, and interest at the legal rate from the date of the judgment to the time it is paid.

■ The trial court erred in granting the summary judgment because fact issues did exist as to the amount of appellant's indebtedness to appellee and as to the reasonableness of attorney's fees. A party

**774**

moving for summary judgment must establish as a matter of law that there are no genuine issues of material fact as to any of the essential elements of his cause of action or defense. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970); *Prestegord v. Glenn,* 441 S.W.2d 185, 187 (Tex.1969). In reviewing a summary judgment record appellate courts must apply the following rules:

1. The movant for summary judgment ... has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. (citations omitted).

2. In deciding whether or not there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant ... will be taken as true. (citations omitted).

3. Every reasonable inference must be indulged in favor of the non-movants and any doubts resolved in their favor. (citations omitted).

*Wilcox v. St. Mary's University of San Antonio,* 531 S.W.2d 589, 593 (Tex.1975).

■ An affidavit containing a statement of balance due can in some instances be specific and sufficient on its face to establish a fact which could be proven at trial so that summary judgment based partly upon the affidavit is proper. *Ecurie Cerveza Racing Team, Inc. v. Texas Commerce Bank-Southeast,* 633 S.W.2d 574, 575 (Tex.App.—Houston [14th Dist.] 1982, no writ); *Sparks v. Cameron Employees Credit Union,* 678 S.W.2d 600, 602 (Tex. App.—Houston [14th Dist.] 1984, no writ). However, in the affidavit attached to the motion for summary judgment, appellees requests that $286,854.09 be awarded on the seven (7) promissory notes. Appellee does not break down the above sum to show how much interest and principal is owed. The lump sum figure is an ambiguity that is not resolved by turning to the summary judgment proof before us. When an ambiguity exists in the movant's summary judgment proof, a material fact issue as to the measure of damages arises and precludes summary judgment. *Meineke*

*Discount Muffler Shops, Inc. v. Coldwell Banker Property Management Co.,* 635 S.W.2d 135 (Tex.App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.); *Dallas Eight, Ltd. v. Aaron Rents, Inc.,* 560 S.W.2d 778 (Tex. Civ.App.—Tyler 1977, no writ).

We find a material fact issue also existed as to the reasonableness of the attorney's fees. Appellee's attorney stated in his affidavit that $29,604.60 was a reasonable attorney's fee in this case since he claims that it is 10% of the amount owing. There is no rational basis for the percentage he uses. In appellant's affidavit, he stated that:

It is not a reasonable attorney fee to charge $29,604.60 where the work involves only the matters done by the attorney for Plaintiff... A reasonable charge for a case of this type is $100.00 per hour. It would be unreasonable for an attorney to charge in excess of $1,200.00 in this case.

This statement directly controverts the statement in appellee's affidavit regarding the reasonableness of the attorney's fees. Therefore, appellant's response to the motion for summary judgment did raise a fact issue. *See Gifford v. Old Republic Insurance Co.,* 613 S.W.2d 43 (Tex.Civ.App.— Houston [14th Dist.] 1981, no writ). Summary judgment was not the proper disposition of this case. Accordingly, we sustain appellant's only point of error.

We reverse and remand for trial.