**Linda C. ENGEL, et al., d/b/a Fash'n Nails, Appellants,**

v.

**Wayne G. PETTIT, Appellee.**

**No. A14–86–091–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 3, 1986.

Russell T. Van Keuren, James Bruce McIver, Houston, for appellants.

Jack F. Hardin, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

MURPHY, Justice.

This is an appeal from a summary judgment entered in favor of appellee, Wayne G. Pettit, for the sum of $27,780.31 as the principal amount due on a promissory note, plus interest and attorney's fees. In one point of error, appellants complain that the trial court erred in granting summary judgment on the basis that an affidavit filed as a response raised genuine issues of material fact on the issue of reasonable attorney's fees. We reverse and remand on the sole issue of reasonableness of attorney's fees.

On September 17, 1985, appellee brought suit against appellants seeking $27,780.31 as the principal and interest due as of September 1, 1985, on a promissory note. Appellee also sought interest and reasonable attorney's fees. Appellants answered in the form of a general denial. Appellee thereafter filed a motion for summary judgment, and one of the motion's supporting affidavits addressed the issue of reasonable attorney's fees. The affiant was appellee's counsel, Jack F. Hardin, and he stated the following in his affidavit: (1) that he was the licensed attorney of record, familiar with fees ordinarily and customarily charged by attorneys in Harris County, in cases of this nature; (2) that the ordinary, customary, and reasonable attorney's fee for preparing, filing and/or submitting appellee's original petition, motion for summary judgment and proposed final judgment, and in obtaining service of process on appellants was the sum of $2,000.00; (3) that the ordinary, customary and reasonable fee in the event of an appeal to the Courts of Appeals would be $1,000.00, and to the Supreme Court an additional $1,000.00; and (4) that plaintiff had incurred $186.00 in court costs to date.

Appellants filed one document in "response" to appellee's motion for summary judgment, that document consisting of an affidavit controverting the reasonableness of the attorney's fees claimed by appellee. The affidavit was of Thomas G. Simchak, who was not appellants' attorney of record, and it provided in pertinent part the following:

My name is Thomas G. Simchak. I am a member of the State of Texas Bar Association.

I have reviewed the file in the above case. I have handled many debt collection cases. The fee of $2,000.00 in the above case for services rendered by

Plaintiff's attorney is excessive and unreasonable.

On December 16, 1985, summary judgment was granted appellee, and the final judgment included an award of attorney's fees for the amounts requested in his counsel's affidavit.

· Appellants' sole point of error complains that the trial court erred in granting summary judgment on the basis that their affidavit filed in response to appellee's motion for summary judgment raised a genuine issue of material fact as to the reasonableness of attorney's fees. Disposition of this point of error requires that we address two issues: (1) whether the filing of an affidavit alone is an adequate "response" under Rule 166A; and (2) if the affidavit alone is an adequate responsive document, was it sufficient to raise a fact issue precluding summary judgment as to attorney's fees. For the reasons stated below, our answer to both of these questions is "yes."

First we note that Rule 166A of the Rules of Civil Procedure provides in pertinent part the following:

(c) *Motion and Proceedings Thereon.* ... Except on leave of court, the adverse party, not later than seven days prior to the day of hearing *may file and serve opposing affidavits or other written response* ... Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal. A summary judgment may be based on uncontroverted testimonial evidence of an interested witness, or of an expert witness as to subject matter concerning which the trier of fact must be guided solely by the opinion testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted.

\*　\*　\*　\*　\*　\*

(e) *Form of Affidavits; Further Testimony.*

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

TEX.R.CIV.P. 166A–(c), (e). (Emphasis added.)

We construe that portion of the rule quoted-above which provides that a non-movant may file "an affidavit or other written response" to mean that the filing of an affidavit alone, without any additional responsive document, is adequate as a response under the rule. Thus by filing the affidavit above, appellants met their burden under Rule 166A of filing a responsive document that sets forth those matters which they assert should defeat their opponent's motion for summary judgment. *See, e.g., City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678–79 (Tex.1979).

Second, we address the issue of whether the substance of appellants' controverting affidavit was sufficient to raise a question of fact on the issue of reasonable attorney's fees. We think that it did. Certainly under *Clear Creek* "[t]he written answer or response to the motion must fairly apprise the movant and the court of the issues the non-movant contends should defeat the motion." *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d at 678. We are of the opinion that appellants' affidavit clearly met that requirement. In so holding we note a recent opinion from our court, *General Specialties, Inc. v. Charter National Bank—Houston,* 687 S.W.2d 772, 774 (Tex.App.—Houston [14th Dist.] 1985, no writ). In that case the plaintiff-appellee's attorney stated in his affidavit that the sum of $29,604.60 was a reasonable attorney's fee as it was 10% of the amount owed on the underlying cause of action. The defendant-appellant filed a controverting affidavit in which he stated that:

[i]t is not a reasonable attorney fee to charge $29,604.60 where the work involves only the matters done by the attorney for Plaintiff ... A reasonable

charge for a case of this type is $100.00 per hour. It would be unreasonable for an attorney to charge in excess of $1,200.00 in this case.

*General Specialties, Inc. v. Charter National Bank—Houston,* 687 S.W.2d at 774. This court held that the statements in appellant's affidavit directly controverted the statements in appellee's affidavit as to the reasonableness of the fee. *Id.* Thus we held that appellant's affidavit, as a response, raised a fact issue as to the reasonableness of attorney's fees. *Id.* In so holding we noted another case out of this court, *Gifford v. Old Republic Insurance Co.,* 613 S.W.2d 43 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ). In *Gifford,* the plaintiff-appellees' attorney filed a supporting affidavit to a motion for summary judgment and stated that a sum of not less than $2,000.00 would be a reasonable attorney's fee. Defendant-appellants' attorney filed a controverting affidavit in which he stated that a fee of $300.00 would be a customary and reasonable amount. In *Gifford* we held that appellants' controverting affidavit raised a material fact issue as to the reasonableness of attorney's fees precluding the granting of a summary judgment on this issue. *Gifford v. Old Republic Insurance Co.,* 613 S.W.2d at 46. In so holding we noted that the controverting affidavit of appellants' attorney constituted expert testimony, and as such would be competent to raise a fact issue as to the reasonableness of attorney's fees. *Gifford v. Old Republic Insurance Co.,* 613 S.W.2d at 46. Accordingly, we held that the trial court erred in granting summary judgment awarding attorney's fees. *Id.*

Although the affidavit in the instant case does not state what amount would constitute a reasonable attorney's fee, we find that its substance is adequate to raise a question of fact on this issue. In so doing we emphasize that the burden of establishing the lack of a genuine issue of material fact is upon the movant, and all doubts are resolved against him. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d at 678. Furthermore, the rule governing summary judgments is not intended to deprive a litigant of a full hearing on the merits when there exists an issue of fact. *Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929, 931 (Tex.1952). Recognizing that a summary judgment is a harsh remedy, trial courts must deny a motion for summary judgment unless the movant clearly established a right thereto as a matter of law. *Wilcox v. St. Mary's University of San Antonio, Inc.,* 531 S.W.2d 589, 592–93 (Tex.1975); *Hine v. Bankers Life & Casualty Co.,* 572 S.W.2d 804, 805 (Tex. Civ.App.—Houston [14th Dist.] 1978, no writ). Accordingly, we sustain appellants' sole point of error and order that the cause be reversed and remanded in part for a proper determination of the issue of reasonableness of attorney's fees. The judgment of the trial court is affirmed as to the award for default on the note. The judgment of the trial court is affirmed in part, and reversed and remanded in part.