Affirmed and Majority and Dissenting Opinions filed January 9, 2007








Affirmed and Majority and Dissenting Opinions filed
January 9, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-04-00888-CV

_______________

 

PABLO TELLO, Appellant

 

V.

 

BANK ONE, N.A. and BANC ONE ACCEPTANCE CORP.,
Appellees

                                                                                                                              
                 

On Appeal from the County Civil Court
at Law No. 2

Harris County, Texas

Trial Court Cause No. 786,601

                                                                                                                           
                    

 

M A J O R
I T Y  O P I N I O N

Appellant,
Pablo Tello, appeals a summary judgment in favor of appellees, Bank One, N.A.
and Bank One Acceptance Corp., on their claim against Tello for breach of a
vehicle lease agreement and on Tello=s counterclaims for DTPA violations,
common-law fraud, and breach of contract.  We affirm.








I.  Background

Tello
entered into a written agreement to lease a truck from Randall Reed Ford.  The
lease shows Randall Reed Ford as lessor and Tello as lessee.  In the same
agreement, Randall Reed Ford assigned the lease and the vehicle to Banc One
Texas Leasing Corp.  Subsequently, Banc One Texas Leasing Corp. merged with
Banc One Acceptance Corp.  By virtue of this merger, Banc One Acceptance Corp.
became the owner/lessor of the vehicle.  The title to the vehicle shows Bank
One Texas N.A. as lienholder.  Bank One Texas N.A. subsequently merged with
Bank One, N.A.  By virtue of this merger, Bank One, N.A. became lienholder.

Bank
One, N.A. and Banc One Texas Leasing Corp. eventually sued Tello, alleging he
defaulted on the lease by failing to make some monthly payments.[1] 
In his answer, Tello raised the affirmative defenses of failure of
consideration, fraudulent inducement, and equitable estoppel.  He also asserted
counterclaims for DTPA violations, common-law fraud, and breach of contract,
seeking to recover his own alleged damages and offset any recovery by the Bank
on its breach of contract claim.  His affirmative defenses and counterclaims
were all based on his allegation that he does not read or write English and the
Randall Reed Ford salesperson induced him to sign the lease by misrepresenting
it was an agreement to purchase the vehicle.








Bank
One, N.A. and Banc One Acceptance Corp. moved for summary judgment on their
claim against Tello and on his counterclaims.  The trial court signed a AFirst Amended Summary Judgment@ on July 27, 2004,  granting summary
judgment in favor of Bank One, N.A. and Banc One Acceptance Corp. on their
claim against Tello and on his counterclaims.[2]
The trial court awarded the Bank $29,366.24 in damages, $13,933.86 for attorney=s fees and costs, and post-judgment
interest.[3]   The trial
court also ordered Tello to surrender the vehicle to the Bank.[4]

II.  Discussion

In six
issues, Tello contends the trial court erred by (1) granting the Bank=s motion for summary judgment on its
breach of contract claim; (2) granting the Bank=s motion for summary judgment on
Tello=s affirmative defense of fraudulent
inducement; (3) granting the Bank=s motion for summary judgment on
Tello=s affirmative defense of equitable
estoppel; (4) granting the Bank=s motion for summary judgment on Tello=s DTPA counterclaim; (5) generally
granting the Bank=s motion for summary judgment; and (6) granting the Bank=s motion for summary judgment on its
claim for damages.








For a
plaintiff to prevail on a motion for summary judgment when, as here, the
defendant has asserted a counterclaim, the plaintiff must prove, as a matter of
law, each element of its cause of action and show it is entitled to summary
judgment on the counterclaim.  See First State Bank of Athens, Mabank Branch
v. Purina AG Capitol Corp., 113 S.W.3d 1, 4 (Tex. App.CTyler 1999, no pet.); see also
Rush v. Barrios, 56 S.W.3d 88, 97 (Tex. App.CHouston [14th Dist.] 2001, pet.
denied).  A plaintiff asserting a traditional motion for summary judgment in
opposition to a defendant=s counterclaim must disprove at least one essential element
of the counterclaim as a matter of law.[5]  See Tex. R. Civ. P. 166a(c); First State
Bank, 113 S.W.3d at 4; Rush, 56 S.W.3d at 97; Taylor v. GWR
Operating Co., 820 S.W.2d 908, 910 (Tex. App.CHouston [1st Dist.] 1991, writ
denied).  If the movant establishes a right to summary judgment, the burden
shifts to the non-movant to present evidence raising a material fact issue.  See
Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995).

If, as
here, the non-movant relies on an affirmative defense to oppose the summary
judgment motion, he must provide sufficient summary judgment evidence to create
a fact issue on each element of the defense.  See Brownlee v. Brownlee,
665 S.W.2d 111, 112 (Tex. 1984); Anglo‑Dutch Petroleum Int=l, Inc. v. Haskell, 193 S.W.3d 87, 95 (Tex. App.CHouston [1st Dist.] 2006, pet.
denied).  The non-movant is not required to prove the affirmative defense as a
matter of law; raising a fact issue is sufficient to defeat summary judgment.  See
Brownlee, 665 S.W.2d at 112; Anglo‑Dutch Petroleum, 193 S.W.3d
at 95. 

We
review a summary judgment de novo.  Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005).  We take all evidence favorable to the
nonmovant as true and  indulge every reasonable inference and resolve any
doubts in favor of the nonmovant.  Id.








A.        The Bank=s Breach of Contract Claim

In his
first stated issue, Tello contends the trial court erred by granting the Bank=s motion for summary judgment on its
breach of contract claim.  Tello makes one argument, consisting of
two-and-a-half-page pages, to support all his issues challenging the summary
judgment with respect to his liability to the Bank and with respect to his
counterclaim.  At the outset of this argument, he makes a bare assertion that a
genuine issue of material fact existed on the Bank=s breach of contract claim.  However,
in the argument that follows, he never asserts that the Bank failed to prove the
elements of its breach of contract claim.  Instead, in what little argument he
does advance, he mentions only the factual allegations which form the basis of
his counterclaim and affirmative defenses.  Therefore, to the extent, he
contends the Bank failed to prove the elements of its breach of contract claim,
he has waived any such contention by failing to include any argument.[6]  
See Tex. R. App. P. 38.1(h)
(providing that appellant=s brief must contain a clear and concise argument for the
contentions made, with appropriate citations to authorities and the record); Sunnyside
Feedyard, L.C. v. Metropolitan Life Ins. Co., 106 S.W.3d 169, 173 (Tex.
App.CAmarillo 2003, no pet.) (recognizing
failure to either cite authority or advance substantive analysis waives an
issue on appeal).  We overrule his first issue.

B.        Tello=s DTPA Counterclaim








We will next
address Tello=s fourth issue, in which he challenges the summary judgment on his DTPA
counterclaim.[7]   At the
outset of his argument, he generally contends that a genuine issue of material
fact existed on his DTPA counterclaim and refers to the DTPA as 17.46(b) of the
Texas Business and Commerce Code.  However, he does not thereafter mention the
DTPA  again,  cite the elements of a DTPA claim, or specify which acts
prohibited by the DTPA were allegedly committed by the Bank.  See Proctor v.
White, 155 S.W.3d 438, 441 (Tex. App.CEl Paso 2004, pet. denied) (finding
appellants waived challenge to summary judgment on several claims because their
argument consisted of several pages referring to evidence in support of factual
allegations without a single reference to a relevant case or legal principle). 


Nonetheless,
in his pleading, Tello alleged that the Bank violated the DTPA by: (1)
representing Athat an agreement confers or involves rights, remedies, or obligations
which it does not have or involve, or which are prohibited by law,@  see Tex. Bus. & Com. Code Ann. ' 17.46(b)(12) (Vernon Supp. 2006); Tex. Bus. & Com. Code Ann. ' 17.50(a)(1)(A) (Vernon Supp. 2006); and (2) engaging in an Aunconscionable action or course of
action@ by taking Aadvantage of the lack of knowledge,
ability, experience, or capacity of [Tello] to a grossly unfair degree.@ See Tex. Bus. & Com. Code Ann. ' 17.50(a)(3) (Vernon Supp. 2006); Tex. Bus. & Com. Code Ann. ' 17.45(5) (Vernon 2002).    








Although
Tello asserted that the Bank violated these provisions, the factual allegation
he pleaded was that the Randall Reed Ford salesperson misrepresented the
lease was a purchase agreement.  In support of its motion for summary judgment,
the Bank presented an affidavit of its representative who averred as follows: 
the Bank made no representations to Tello before, during, or at the time of
execution of the lease; the Bank had no representative present at the time of
the transaction; the Bank was purely a financial institution which purchased
the vehicle and the lease from Randall Reed Ford; and Randall Reed Ford was not
an agent of the Bank or authorized by the Bank to make any representations to
Tello.[8]  Therefore,
the Bank negated the assertion that it made any misrepresentations to Tello as
alleged in his counterclaim and shifted the burden to Tello to raise a fact
issue on that claim.[9]  See
Centeq Realty, 899 S.W.2d at 197.








In
response to the motion for summary judgment and on appeal, Tello merely
referred to the contents of his affidavit attached to his response.[10] 
In the affidavit, he averred that he does not speak or write English and an
unnamed Randall Reed Ford salesperson led him to believe the lease was a
purchase agreement.  Therefore, despite the Bank=s evidence, Tello continued to rely
solely on the Randall Reed Ford salesperson=s alleged misrepresentation to
purportedly create a fact issue on his DTPA counterclaim against the Bank. 
However, in response to the motion for summary judgment and on appeal, Tello
offered no argument, authority, or theory to show that the Bank entities who
are the current lessor and lienholder may be liable under the DTPA for the
Randall Reed Ford salesperson=s alleged misrepresentation.

We
recognize that we must Aconstrue the Rules of Appellate Procedure reasonably, yet
liberally, so that the right to appeal is not lost by imposing requirements not
absolutely necessary to effect the purpose of a rule.@  Republic Underwriters Ins. Co.
v. Mex‑Tex, Inc., 150 S.W.3d 423, 427 (Tex. 2004); see Tex. R. App. P. 38.9.  However, Awe know of no authority obligating us
to become advocates for a particular litigant through performing their research
and developing their argument for them.@  See Jordan v. Jefferson
County, 153 S.W.3d 670, 676 (Tex. App.CAmarillo 2004, pet. denied).  We
would improperly become an advocate for Tello if we were to develop an argument
for imposition of liability on the Bank entities who are the current lessor and
lienholder because of the Randall Reed Ford salesperson=s alleged misrepresentations.  In
addition, we may not consider grounds for reversal of a summary judgment that
were not expressly presented to the trial court by written response to the
motion.  See Tex. R. Civ. P. 166a(c);
see McConnell v. Southside Indep. School Dist., 858 S.W.2d 337, 343
(Tex. 1993) (plurality op.).  Accordingly, Tello has not demonstrated that
there was a genuine issue of material fact on his DTPA counterclaim against the
Bank.  We overrule his fourth issue.

C.        Tello=s Affirmative Defenses








In his
second and third issues, Tello contends he raised a fact issue on his
affirmative defenses of fraudulent inducement and equitable estoppel sufficient
to defeat the Bank=s motion for summary judgment.[11] 
Tello generally refers to his affidavit, but other than the general summary
judgment standards, he cites no authority.  He does not cite the elements of
the doctrines of fraudulent inducement and equitable estoppel, much less argue
why his affidavit raised a fact issue on each element of these defenses.  See
Sunnyside Feedyard, 106 S.W.3d at 173 (holding appellant waived contention
that fact issue existed on legal doctrines sufficient to defeat summary
judgment by referring to well-developed doctrines without citing basic
authority as to their elements or any analysis to show a fact issue existed on
these doctrines).  

Nevertheless,
in response to the motion for summary judgment and on appeal, Tello relied
solely on the Randall Reed Ford salesperson=s alleged misrepresentation to
purportedly raise a fact issue on his affirmative defenses to the Bank=s breach of contract claim.  However,
Tello offered no argument, authority, or theory to show that the Bank entities
who are the current lessor and lienholder should be bound by the Randall Reed
Ford salesperson=s alleged misrepresentation or otherwise subject to any
defenses Tello may have had against Randall Reed Ford.  Again, if we were to
craft such an argument on Tello=s behalf, we would improperly become his advocate and
improperly consider an issue not expressly presented to the trial court in his
summary judgment response.  Accordingly, Tello has not demonstrated that he
raised a genuine issue of material fact issue on his affirmative defenses.  We
overrule his second and third issues.

In his
fifth issue, Tello generally states that the trial court erred by granting the
Bank=s motion for summary judgment. 
Because we have addressed all the arguments purportedly raised in his first
five issues with respect to his liability on the Bank=s breach of contract claim and with
respect to his counterclaim, we overrule his fifth issue.

D.        The Bank=s Damages








In his
sixth issue, Tello asserts that the trial court erred by entering summary
judgment because there is a genuine issue of material fact regarding the Bank=s claim for damages.  With respect to
this issue, Tello primarily refers to his affidavit, in which he averred that,
approximately three years after he executed the agreement, he called the Bank
to inquire about his balance and was informed the agreement was a leaseCnot a purchase agreement.  Within
about a month, he returned the vehicle to Randall Reed Ford.  Other than
reciting the general summary judgment standards, Tello=s argument regarding the effect of
this averment consists solely of the  following:

Had the trial court taken into account [Tello=s] claim that he returned the
vehicle, the damages would be significantly decreased.  The affidavit filed by
[Tello] clearly raises a genuine issue of material fact, which is an issue for
a judge and jury to decide.

It is
not clear whether Tello seeks to avoid liability on the lease based on his
return of the vehicle or merely offset the amount of the Bank=s damages, although his assertion
suggests the latter.  Nevertheless, Tello does not cite any authority, offer
any argument, or point to any evidence generally showing why he might be
entitled to avoid liability on the lease or offset the Bank=s damages based on his return of the
vehicle.  Even liberally  construing his brief, we do not know the basis for
his allegation that he was entitled to avoid liability or offset the damages by
returning the vehicle.  Based on his scant argument, we cannot determine
whether he is relying on a provision of the lease, some legal principle, or
both.








More
particularly, Tello does not cite any authority, offer any argument, or point
to any evidence showing why he might be entitled to avoid liability or offset
the damages awarded the Bank entity, who is the current owner and
lessor, based on his return of the vehicle to Randall Reed Ford, the
former owner and lessor.  Consequently, by failing to make any substantive
analysis whatsoever, Tello has waived his contention that his return of the
vehicle raised a fact issue sufficient to defeat the Bank=s claim for damages or offset its damages. 
See Tex. R. App. P. 38.1(h); Sunnyside
Feedyard, 106 S.W.3d at 173; see also Nguyen v. Kosnoski, 93 S.W.3d
186, 188 (Tex. App.CHouston [14th Dist.] 2002, no pet.) (finding appellant waived
issue on appeal by failing to support argument with legal authority or 
references to the record); cf. Mex‑Tex, Inc., 150 S.W.3d at
427 (holding appellant did not waive argument by citing only one statute in its
brief considering it was clear appellant was relying solely on this statute and
no other authority was necessary).[12]








Moreover,
in response to the motion for summary judgment, Tello did not raise his
contention that his return of the vehicle should offset the Bank=s damages or otherwise defeat its
entitlement to summary judgment.  The non‑movant must expressly present
to the trial court, by written answer or response, any issues defeating the
movant=s entitlement to summary judgment.  McConnell,
858 S.W.2d at 343 (citing City of Houston v. Clear Creek Basin Auth.,
589 S.W.2d 671, 678 (Tex.1979)); Dubose v. Worker=s Medical, P.A., 117 S.W.3d at 916, 920 (Tex. App.CHouston [14th Dist.] 2003, no pet.); see
Tex. R. Civ. P. 166a(c).  AIssues not expressly presented to the
trial court by written motion, answer or other response shall not be considered
on appeal as grounds for reversal.@  Tex.
R. Civ. P. 166a(c); see McConnell, 858 S.W.2d at 343; Dubose,
117 S.W.3d at 920.  Issues are not expressly presented by mere reference to
summary judgment evidence.  McConnell, 858 S.W.2d at 341; see Dubose,
117 S.W.3d at 920; D.M. Diamond Corp. v. Dunbar Armored, Inc., 124
S.W.3d 655, 659B60 (Tex. App.CHouston [14th Dist.] 2003, no pet.).[13] 
However, summary judgments must stand or fall on their own merits, and the non‑movant=s failure to answer or respond cannot
supply by default the summary judgment proof necessary to establish the movant=s right.  McConnell, 858
S.W.2d at 343 (citing Clear Creek, 589 S.W.2d at 678).  If a non‑movant
fails to present any issues in its response or answer, the movant=s right is not established and the
movant must still establish its entitlement to summary judgment.  Id.  AThe effect of such a failure is that
the non‑movant is limited on appeal to arguing the legal sufficiency of
the grounds presented by the movant.@  Id. (citing Clear Creek,
589 S.W.2d at 678).

Tello=s suggestion on appeal that he may
offset the Bank=s damages or otherwise avoid liability on the lease based on
his return of the vehicle is an issue by which he seeks to defeat the Bank=s entitlement to summary judgmentCnot a challenge to the legal
sufficiency of the Bank=s summary judgment grounds.  To prove its breach of contract
claim, the Bank presented portions of the lease and its representative=s affidavit purportedly showing Tello
failed to make certain payments as agreed and setting forth the balance due. 
Tello does not contend that this evidence is insufficient to prove the amount
of the damages awarded by the trial court.[14] 
Rather, what little argument Tello does advance suggests he should offset the
Bank=s damages or otherwise avoid
liability, notwithstanding the Bank=s proof, because he returned the
vehicle to Randall Reed Ford.  Consequently, he was required to Aexpressly@ present this issue to the trial
court in response to the motion for summary judgment.  See Tex. R. Civ. P. 166a(c); McConnell,
858 S.W.2d at 343; Dubose, 117 S.W.3d at 920.








To Aexpressly@ present issues pursuant to Rule
166a(c), A[t]he written answer or response to the motion must fairly apprise the
movant and the court of the issues the non‑movant contends should defeat
the motion.@  Clear Creek, 589 S.W.2d at 678; see Engel v. Pettit, 713
S.W.2d 770, 771B72 (Tex. App.CHouston [14th Dist.] 1986, no pet.).  The extent of Tello=s summary judgment response with
respect to the Bank=s breach of contract claim was his general statement that a
genuine issue of material fact existed on the claim and his reference to his
attached evidence and his pleading.  Tello made a bare averment in his attached
affidavit that he returned the vehicle during a particular time period. 
However, he made no statement in his affidavit or response regarding the effect
of this averment on the Bank=s entitlement to summary judgment.  Specifically, he did not
mention that his return of the vehicle should offset the Bank=s damages or otherwise defeat summary
judgment, as he now suggests on appeal, much less mention why his return of the
vehicle should offset the damages or otherwise defeat summary judgment.  He did
not even identify the element[s] of the Bank=s breach of contract claim on which
his return of the vehicle allegedly raised a fact issue or suggest why it
raised a fact issue on any particular element[s].

The
requirement that the non-movant Afairly apprise@ the trial court of the issues
allegedly defeating summary judgment clearly contemplates that the trial court
is not required to guess why a non-movant presents certain evidence or consider
every possible reason the evidence might defeat summary judgment.  In short,
Tello=s bare assertion in his affidavit
that he returned the vehicle did not Afairly apprise@ the trial court what, if anything,
he wanted the trial court to do with that information.  Cf. Engel, 713
S.W.2d at 771B72 (holding affidavit of attorney filed by non-movant in response to
motion for summary judgment requesting recovery of movant=s attorneys= fees fairly apprised trial court of
issue allegedly defeating the motion by stating the fees were Aexcessive and unreasonable.@).








In sum,
trial court could not have erred by refusing to consider the effect, if any, of
Tello=s return of the vehicle on the Bank=s entitlement to summary judgment
when Tello never requested that it be considered.  Accordingly, because Tello
failed to Aexpressly@ present his issue that his return of the vehicle should
offset the Bank=s damages or otherwise defeat its entitlement to summary
judgment in response to the motion for summary judgment, we may not consider it
as grounds for reversal.[15]  See
Querner Truck Lines, Inc. v. Alta Verde Indus., Inc., 747 S.W.2d 464, 469
(Tex. App.CSan Antonio 1988, no writ) (finding non-movant waived argument on appeal
that it was entitled to additional offset against movant=s damages than offset allowed by
trial court because non-movant did not raise issue of additional offset in its
summary judgment response).  We overrule his sixth issue.

Accordingly,
the judgment of the trial court is affirmed.

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Majority and
Dissenting Opinions filed January 9, 2007.

Panel consists of Justices Hudson,
Frost, and Seymore.  (Frost, J., dissenting).

 









[1]  Despite the previous merger of Banc One Texas
Leasing Corp. into Banc One Acceptance Corp., the petition showed Banc One
Texas Leasing Corp. as one of the plaintiffs.  The trial court later allowed 
Banc One Acceptance Corp. to be substituted for Banc One Texas Leasing Corp.





[2] An original motion for summary judgment was filed by
Bank One, N.A. and Bank One Texas Leasing Corp., although Bank One Texas
Leasing Corp. had merged into Banc One Acceptance Corp.  On May 14, 2003, the
trial court entered an order granting summary judgment.  Tello appealed the
summary judgment to this court under case number 14‑03‑00644‑CV. 
We dismissed the appeal on the ground the summary judgment was not final
because it did not dispose of Bank One Texas Leasing Corp.=s claims.  See Tello v. Bank One, N.A.,
138 S.W.3d 533 (Tex. App.CHouston [14th Dist.] 2004, no pet.).  Bank One, N.A.
and Banc One Acceptance Corp. then filed a supplemental petition and
supplemental motion for summary judgment to clarify the issues concerning their
identities.  They presented proof that Banc One Acceptance Corp.  is the
current lessor/owner by virtue of its merger with Bank One Texas Leasing Corp. 
In the First Amended Summary Judgment, the trial court allowed Banc One
Acceptance Corp. to be substituted for Banc One Texas Leasing Corp. and then
granted summary judgment in favor of Bank One, N.A. and Banc One Acceptance
Corp.





[3]  Now that we have clarified the correct names of the
Bank entities who are parties to this suit, we will refer to the appellees,
Bank One, N.A. and Banc One Acceptance Corp., collectively as Athe Bank,@
except where necessary to refer to them separately.





[4]  Pertinent pleadings, including the original motion
for summary judgment and Tello=s response, are
not included in the appellate record for this cause number.  However, they are
included in the record for the appeal from original summary judgment. 
Accordingly, we have taken judicial notice of that record. 





[5]  The Bank did not specify whether the part of its
motion opposing Tello=s counterclaims was a traditional motion or a Ano-evidence@
motion. Compare Tex. R. Civ. P. 166a(c)
with Tex. R. Civ. P. 166a(i). 
At times, the Bank used language applicable to a traditional motion; but at
other times, the Bank generally asserted that Tello has Ano evidence@ to
support his various claims or factual allegations.  However, the motion did not
Astate the elements as to which there is no evidence@ as required by Rule 166a(i).  See Tex. R. Civ. P. 166a(i).  Because the
motion did not unambiguously state it was filed under Rule 166a(i) and did not
strictly comply with that rule, we construe it as a traditional motion.  See
Adams v. Reynolds Tile & Flooring, Inc., 120 S.W.3d 417, 420 (Tex. App.CHouston [14th Dist.] 2003, no pet.).





[6]  We note that the evidence indicates that only one of
the Bank entities, Banc One Acceptance Corp., is the lessor of the vehicle. 
The evidence shows Bank One, N.A. is a lienholder on the vehicle, but does not
show this lien secures the indebtedness that is the subject of the lease at
issue or how being a lienholder entitled Bank One, N.A. to recover under the
lease.  Nevertheless, on appeal, Tello does not argue that both Bank entities
failed to prove the initial elements of their breach of contract claim.





[7]  Tello also pleaded counterclaims for common-law
fraud and breach of contract.  However, on appeal, he presents no issue or
argument challenging the summary judgment on those counterclaims.  Therefore,
he has waived any challenge to the summary judgment on those counterclaims.  See
Jacobs v. Satterwhite, 65 S.W.3d 653, 655B56 (Tex. 2001) (recognizing appellate court may not reverse summary
judgment on a particular claim when appellant fails to challenge summary
judgment on that claim).





[8]  The Bank representative made these averments with
respect to Bank One, N.A. and Banc One Texas Leasing Corp., although Banc One
Texas Leasing Corp. had already merged with Banc One Acceptance Corp.  However,
the Bank entities presented proof in their supplemental motion for summary
judgment that Banc One Acceptance Corp. became the lessor and owner of the
vehicle by virtue of its merger with Banc One Texas Leasing Corp.  Therefore,
the averments concerning Banc One Texas Leasing Corp. necessarily apply equally
to Banc One Acceptance Corp.





[9]  The Bank=s
motion did not specifically address the DTPA counterclaim, although it
addressed the factual allegation forming the basis of the counterclaim.  See
Black v. Victoria Lloyds Ins. Co., 797 S.W.2d 20, 27 (Tex. 1990)
(stating defendant moving for summary judgment on ground there is no genuine
issue of material fact on essential element of plaintiff=s claim must identify or address the claim and its
elements).  However, on appeal, Tello does not challenge the summary judgment
on his DTPA counterclaim on the ground that the Bank=s motion was deficient or the trial court granted more
relief than requested.  See Beathard Joint Venture v. W. Houston
Airport Corp., 72 S.W.3d 426, 436 (Tex. App.CTexarkana 2002, no pet.) (recognizing appellant must raise an issue on
appeal that excess relief was improperly granted in summary judgment order); Toonen
v. United Servs. Auto. Ass=n., 935 S.W.2d 937, 942 (Tex.
App.CSan Antonio 1996, no writ) (same).  Instead, he
suggests there was a fact issue on the counterclaim.





[10]  In his response to the motion for summary judgment,
Tello repeated the same general statement to address each counterclaim (as well
as each affirmative defense).  He merely stated that Aa genuine issue of material fact exists as to
[counterclaim/affirmative defense]@
and referred to his attached evidence and  pleadings.





[11]  Tello also pleaded the affirmative defense of
failure of consideration.  However, in his appellate brief, he presents no
issue or argument addressing this defense.  Therefore, he has waived any
contention that the evidence raised a genuine issue of material fact on this
defense sufficient to defeat summary judgment. See Jacobs, 65 S.W.3d at
655B56.





[12]   Contrary to our dissenting colleague=s suggestion, the inadequacy in Tello=s brief with respect to this issue is not just a lack
of Awell-organized and sharply focused writing,@ but a failure to advance any substantive analysis and
cite any authority or evidence to inform us why he was allegedly entitled to
offset the Bank=s damages or otherwise defeat the summary judgment
based on his return of the vehicle to Randall Reed Ford.  Moreover, the dissent
would reverse the summary judgment because the Bank omitted the back of the
lease from its summary judgment evidence and a missing provision may address
the effect of Tello=s return of the vehicle to Randall Reed Ford on his
liability to the Bank or the amount of its damages.  However, Tello does not
complain that the back of the lease was omitted, much less assert that any
missing provisions may address his return of the vehicle.  The fact that the
dissent advocates reversal on this basis, when Tello makes no such argument,
merely accentuates that his contention is inadequately briefed.





[13]  In addition, the requirement that issues be
expressly presented by written answer or response refers to an answer or
response to the motion for summary judgment, not to the pleadings.  See
Wheeler v. Security State Bank, N.A., 159 S.W.3d 754, 756 n.2 (Tex. App.CTexarkana 2005, no pet.) (citing Clear Creek,
589 S.W.2d at 673).





[14]  Our dissenting colleague advocates reversal because
the Bank=s own evidence is insufficient to support the damages
awarded, and the dissent then calculates the damages purportedly supported by
its evidence.  However, Tello makes no such argument challenging the
sufficiency of the Bank=s motion and evidence.  The dissent seems to interpret
the following statement in Tello=s
brief as raising this argument:  AThe
motion for summary judgment and its supporting evidence must show there is no
genuine issue of a material fact and that the movant is entitled to judgment as
a matter of law.@  We cannot construe this single reference to the
general standard applicable to every summary judgment motion, without any
argument concerning, or reference to, the Bank=s evidence in this case, as an adequate argument challenging the
sufficiency of the Bank=s motion and evidence to support the damages awarded. 





[15]  The dissent also asserts that Tello was not required
to raise the issue regarding his return of the vehicle in his summary judgment
response because he is attacking the conclusiveness of the Bank=s motion and evidence.  As we have noted, Tello has
not adequately presented an argument attacking the conclusiveness of the Bank=s motion and evidence.  But, even if he had, that
would be a separate issue than his contention he should nonetheless defeat
summary judgment based on his own affidavit showing he returned the vehicle. 
The fact that the dissent (and Tello) must refer to Tello=s own evidence attached to his response when
urging reversal based on his return of the vehicle shows that his contention is
not an attack on the conclusiveness of the Bank=s motion and
evidence.  Finally, we disagree with the dissent=s suggestion that, because an omitted provision on the back of the
lease may address the effect of Tello=s
return of the vehicle, his contention is merely an attack on the conclusiveness
of the Bank=s motion and evidence.  Even if the Bank had attached
all the provisions and a missing provision addressed the effect, if any, of
Tello=s return of the vehicle, such provision would have
been inconsequential unless Tello Aexpressly@ presented to the trial court  his contention that
return of the vehicle should affect the Bank=s
entitlement to summary judgment.