**Affirmed and Memorandum Opinion filed December 22, 2022.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-21-00106-CV

---

### SAM'S MOTOR, LLC AND SAMER YACOUB, Appellants

### V.

### BAYVIEW LOAN SERVICING, LLC, Appellee

---

**On Appeal from the 11th District Court
Harris County, Texas
Trial Court Cause No. 2019-77439**

---

### MEMORANDUM OPINION

Appellants Sam's Motor, LLC and Samer Yacoub appeal the trial court's summary judgment in favor of Bayview Loan Servicing, LLC. Appellants bring two issues on appeal. First, there is a genuine issue of material fact on the amount owed under the contract and as a result summary judgment on appellee's deficiency claim should have been denied. Second, the trial court erred in granting summary judgment on appellant's usury claim. We affirm.

## BACKGROUND

Appellant Sam's Motor, LLC took out a business loan (Note) in the principal amount of $600,000. Appellant Yacoub guaranteed it. The Note provided for an initial interest rate of 11.25% for five years, and then adjusted to the "Prime Rate" plus 4.25% for the term of the Note. The Note provides that Sam's Motor pay all legal fees and expenses incurred in enforcing the Note. The guarantee provides that Yacoub pay for all amounts incurred under the Note.

Among other items, the Note was secured by real property. After Sam's Motor defaulted, appellee accelerated the Note in June 2015. When appellants failed to pay the Note in full, appellee foreclosed on the real property in 2019. At the foreclosure sale the real property sold for $403,000.00. Appellee applied the sales proceeds to the balance owed under the Note. Appellee filed suit seeking a deficiency judgment against appellants for the remaining amounts owed.

Both appellee and appellants filed motions for summary judgment. The trial court granted appellee's motion and denied appellants' motion, resulting in a final judgment. In two issues, appellants argue that the trial court erred in granting appellee's motion for summary judgment.

## STANDARD OF REVIEW

A trial court must grant a traditional motion for summary judgment if the evidence shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law on the issues expressly set out. Tex. R. Civ. P. 166a. The burden of proof never shifts to the non-movant unless and until the movant has established "his entitlement to summary judgment by conclusively proving all essential elements of his cause of action or defense as a matter of law."

*Draughon v. Johnson*, 631 S.W.3d 81, 87 (Tex. 2021) (internal quotations omitted).

**DEFICIENCY**

In their first issue, appellants argue that appellee failed to demonstrate the amount owed under the Note as a matter of law because its evidence was "ambiguous, self-contradictory, and insufficiently documented." Appellants argue that appellee asserted in its petition that the "total sum of $567,953.81 remains due and owing on the Note as of September 15, 2019." Appellants state in their brief that as of June 4, 2019, appellants owed $540,136.60 on the Note and that in the summary judgment the trial court awarded appellees $704,142.49 or "the exact amount requested" in appellee's motion. Appellants contend "[t]o arrive at this number, [appellee] referenced an 'Exhibit X'" but no such "Exhibit X" is in the record on appeal. Appellants contend that as a result, summary judgment should be reversed.

## A. General Legal Principles

A lender need not file detailed proof reflecting the calculations reflecting the balance due on a note; an affidavit by a bank employee which sets forth the total balance due on a note may be sufficient to entitle the movant to summary judgment. *Martin v. First Republic Bank Fort Worth*, 799 S.W.2d 482, 485 (Tex. App.—Fort Worth 1990, writ denied). Summary judgment has been upheld where affidavits simply identify the amount owing as a lump sum figure and the interest owed on the note. *See Thompson v. Chrysler First Bus. Credit Corp.*, 840 S.W.2d 25, 28–29 (Tex. App.—Dallas 1992, no writ); *Gen. Specialties, Inc. v. Charter Nat'l Bank-Houston*, 687 S.W.2d 772, 774 (Tex. App.—Houston [14th Dist.] 1985, no writ); *see also Tex. Commerce Bank, Nat'l Ass'n v. New*, 3 S.W.3d 515, 517 (Tex. 1999) (affidavit testimony of total amount due under written instrument

3

is legally sufficient to support award of that amount in default judgment). An uncontroverted affidavit that identifies the principal and interest due is sufficient to support summary judgment. *See Am. 10-Minute Oil Change*, 783 S.W.2d at 601; *Cha v. Branch Banking & Tr. Co.*, No. 05-14-00926-CV, 2015 WL 5013700, at *3 (Tex. App.—Dallas Aug. 25, 2015, pet. denied). "The bank [is] not required to file detailed proof of the calculations reflecting the balance owed on the note." *Cha*, 2015 WL 5013700, at *3.

## B. Background

Appellee moved for summary judgment on its deficiency claim. Appellee attached to its motion the affidavit of a vice president and records custodian of appellee. The vice president testified that at "the time of the sale, the total amount necessary to payoff the balance of the Note was $943,136.60. This figure does not include the 2019 ad valorem property taxes which [appellee] has not yet paid." The vice president further testified that the real property sold at foreclosure sale for $403,000.00 on June 4, 2019. She testified that once the sale proceeds were applied to the debt, the deficiency amount was $540,136.60. "Contractual interest has continued to accrue . . . at a rate of $270.07 per diem since the date of the same." The vice president testified that the total amount "due and owing as of September 1, 2020, is $704,142.49." She attested that Exhibit X[1] is a payoff calculation as of September 1, 2020:

---

[1] Exhibit X was not part of the original record on appeal but was supplemented by the clerk.

4

**TOTAL DEBT**

| | | | | |
|---|---|---|---|---:|
| **BORROWER** | SAM'S MOTORS LLC | **LOAN NUMBER** | | ██████ |
| **DUE DATE** | 4/1/2014 | | | |
| | | | | |
| **PRINCIPAL BALANCE** | | | $ | 413,046.54 |
| **INTEREST** | | | $ | 94,541.18 |
| **DEFAULT INTEREST** | | | $ | 294,869.88 |
| **LATE CHARGES** | | | $ | 5,774.25 |
| **DEFAULT PREPAYMENT CONSIDERATION** | | | NA | |
| **ESCROW ADVANCES** | | | $ | 118,205.45 |
| **CORPORATE ADVANCES** | | | $ | 51,817.40 |
| | | | | |
| **TOTAL DEBT OWED AS OF** | 6/4/2019 | | $ | 978,254.70 |
| LESS SALES PRICE AT AUCTION | | | $ | (403,000.00) |
| | | NET DEBT | $ | 575,254.70 |

| | | | | | |
|---|---|---|---|---|---:|
| per diem after | 06/14/19 | $ | 283.69 | 365 DAYS PER YEAR | |
| | | $ | 282.91 | 366 DAYS PER YEAR | |
| JUDGMENT RATE OF INTEREST | | | 6/5/19 THROUGH 12/31/2019 | | |
| | | | 1/1/20 THROUGH 9/1/2020 | | |
| | 2019 | | 210 DAYS | | $ 59,574.32 |
| | 2020 | | 245 DAYS | | $ 69,313.48 |
| | | | | | |
| TOTAL DEFICIENCY AS OF 9/1/2020 | | | | | $ 704,142.49 |

Appellee's Exhibit X details the amounts owed by appellants and the foreclosure sale proceeds applied to the amount owed by appellants. The "Total Deficiency" is $704,142.49 as of September 1, 2020.

Appellants did not controvert appellee's evidence. In their response, appellants argued that the amounts in appellee's exhibits are contradictory. As an example, appellants argued that in the summary judgment motion, appellee states that "at the 'time of the foreclosure sale . . . the total amount due is $943,136.00; however, in Exhibit X . . . it clearly states at the time of the [foreclosure] sale the total amount due on the loan was $978,254.70." In their response, appellants provided no evidence to contradict appellee's evidence. Instead, appellants argued that the evidence provided was insufficient.

The trial court granted summary judgment on appellee's deficiency claim, awarding appellee $704,142.49 on its deficiency judgment against appellants.

## C. Analysis

An assertion of "lack of information" related to a bank's affidavit regarding amounts owed or how to calculate a balance due on a note does not raise a fact issue to defeat summary judgment. *See Martin*, 799 S.W.2d at 485 (guarantors' mere assertion of lack of information regarding how certain time period of interest was calculated did not defeat summary judgment); *Morgan v. Amarillo Nat'l Bank*, 699 S.W.2d 930, 938 (Tex. App.—Amarillo 1985, writ ref'd n.r.e.) ('[T]he showing of a lack of information shows no more that there is an absence of summary judgment proof to raise a fact issue to defeat the summary judgment motion."). Here, the vice president's affidavit attested to the amount owed, the amount credited due to the foreclosure sale, and the amount owed after such credit. The affidavit points to Exhibit X which further details the total amount owed on the Note. The uncontroverted affidavit identified the loan documents and recited the total amount owed to appellee and referenced an exhibit that provided the amounts owed to appellee. This is sufficient to support summary judgment. *See Am. 10-Minute Oil Change*, 783 S.W.2d at 601; *Martin*, 799 S.W.2d at 485; *Thompson*, 840 S.W.2d at 28–29; *Gen. Specialties, Inc.*, 687 S.W.2d at 774; *see also Rogers v. Asset Lending, L.L.C.*, No 14-16-00980-CV, 2018 WL 3118645, at *7 (Tex. App.—Houston [14th Dist.] June 26, 2018, no pet.) (mem.op.) ("Our court consistently has recognized that '[a]n affidavit stating the balance due on a promissory note can be specific and sufficient on its face to establish a fact that could be proven at trial so summary judgment based in part on the affidavit is proper.'" (quoting *Sandhu v. Pinglia Invs. of Tex., L.L.C.*, No. 14-08-00184-CV, 2009 WL 1795032, at *5 (Tex. App.—Houston [14th Dist.] June 25, 2009, pet. denied) (mem. op.))).

Appellants did not present an affidavit or any other evidence to controvert appellee's evidence of the deficiency balance. *See Rogers*, 2018 WL 3118645, at *8. We conclude that appellee met its burden on summary judgment to show the $704,142.49 amount of deficiency due and owing on the Note. *See id.* Appellants did not present any controverting evidence raising a fact issue otherwise. *See id.* We overrule appellants' first issue.

## RES JUDICATA

In their second issue, appellants argue that the trial court erred in granting summary judgment in favor of appellee on their counterclaim for usury. In the final judgment the trial court concluded that appellants' counterclaims were barred by res judicata and dismissed all of appellants' counterclaims, including the usury claim, with prejudice. Appellants argue that the trial court should not have dismissed their usury claim because they have "presented evidence that would allow a reasonable jury to find that they were charged a usurious interest rate" and "met the minimum evidentiary burden to survive summary judgment."

### A.    General Legal Principles

A party appealing a summary judgment order "must negate all possible grounds upon which the order could have been based by either asserting a separate issue challenging each possible ground or asserting a general issue that the trial court erred in granting summary judgment and within that issue providing argument negating all possible grounds upon which summary judgment could have been granted." *Jarvis v. Rocanville Corp.*, 298 S.W.3d 305, 313 (Tex. App.—Dallas 2009, pet. denied). If an appellant fails to challenge a ground upon which summary judgment may have been granted, then we must uphold the summary judgment on the unchallenged ground. *Id.*

**B.    Background**

Appellee moved for summary judgment on all of appellants' counterclaims based on the doctrine of res judicata.[2]  Appellee argued that there were two prior lawsuits that resulted in two final judgments, and because those prior lawsuits were based on the same claims, operative facts, and parties, appellants' claim for usury is barred by res judicata.  The trial court rendered judgment that appellant take nothing on its counterclaims, concluding "such counterclaims are barred by the doctrine of res judicata."

**C.    Analysis**

On appeal appellants argue that the trial court should not have granted summary judgment on appellants' usury claim because appellants raised a fact issue sufficient to preclude summary judgment.  However, appellants do not address the trial court's granting of summary judgment on appellee's affirmative defense of res judicata.  In appellants' brief there is neither mention of res judicata nor any argument regarding whether the trial court erred in granting summary judgment on this ground.  Thus, even if we agreed with appellants that they raised a fact issue on their usury claim, because appellants failed to challenge a ground upon which summary judgment was granted, we must uphold the summary judgment on the unchallenged ground. *See Jarvis*, 298 S.W.3d at 313.

We overrule appellants' second issue.

---

[2] There were nine separate claims or affirmative defenses on which appellee moved for summary judgment, arguing that all such claims are barred by res judicata.  The only claim at issue on appeal is appellants' usury counterclaim.

## CONCLUSION

Having overruled both of appellants' issues we affirm the trial court's judgment.

/s/    Ken Wise
Justice

Panel consists of Justices Wise, Poissant, and Wilson.