**Affirmed and Opinion filed May 31, 2018.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-16-00932-CV

---

### JOHN LEONARD, Appellant

### V.

### SPENCER TRACY KNIGHT, Appellee

---

**On Appeal from the 189th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2015-23987**

---

### O P I N I O N

Appellee Spencer Tracy Knight sued appellant John Leonard for breach of contract when Leonard failed to pay the full amount owed under an agreement. Knight filed a traditional motion for summary judgment, which the trial court granted. Leonard challenges the trial court's final summary judgment in three issues.

Leonard contends that the trial court erred when it granted Knight's motion for summary judgment on breach of contract because Leonard's evidence created a fact issue on each element of his affirmative defense of prior material breach. We overrule

this issue because Leonard's evidence did not create a genuine issue of material fact on whether Knight's breach was material, thus excusing Leonard from future performance.

Leonard also advances two issues challenging the trial court's award of attorney's fees to Knight. First, Leonard argues that the trial court erred in granting summary judgment on fees because his evidence created a genuine issue of material fact on the reasonableness of Knight's fees. We overrule this issue because the affidavit Leonard filed in response to Knight's motion is conclusory and therefore no evidence. Second, Leonard asserts that Knight's evidence should not have been considered, as he did not timely designate his expert nor supplement discovery. We overrule this issue because Leonard failed to preserve it for appellate review. We therefore affirm the trial court's summary judgment.

## BACKGROUND

The relevant facts in this case are undisputed. Knight and Leonard settled a prior lawsuit by signing a settlement agreement in July 2010.[1] Leonard promised in that settlement agreement that he would sign a promissory note obligating him to (1) pay Knight a total of $86,500 plus interest for a term of four years; (2) make minimum monthly payments of at least $250 during the four-year term; and (3) at the end of the four-year term, pay the unpaid principal and interest in a single balloon payment. Knight, on the other hand, agreed that he would dismiss the prior lawsuit with prejudice. Both Knight and Leonard agreed that they would release all claims each had against the other. Leonard signed the promissory note one month later.

Leonard began making payments soon after signing the promissory note, and he

---

[1] The parties do not discuss the exact nature of the prior lawsuit. The settlement agreement reveals only that there was a "business relationship and legal representation that took place prior to this lawsuit."

2

made the minimum monthly payment each month for four years. Knight never filed a motion to dismiss the prior lawsuit with prejudice. Instead, the trial court dismissed the prior lawsuit for want of prosecution in September 2010. Knight made no effort to refile the prior lawsuit against Leonard. For four years, Leonard never complained to Knight that the dismissal of the prior lawsuit was without prejudice.

Leonard did not make the final balloon payment, which was due in August 2014. Instead, Leonard sent Knight a letter in December 2014 pointing out that Knight had not filed a motion to dismiss the prior lawsuit with prejudice. Contending this failure was a breach of the settlement agreement, Leonard notified Knight that he was revoking the settlement agreement. Knight responded by suing Leonard for breach of contract. Leonard filed an answer asserting the affirmative defense that his performance under the settlement agreement was excused as a result of Knight's prior material breach of the agreement.

Knight eventually filed a traditional motion for summary judgment. The trial court granted Knight's motion and signed a final summary judgment awarding Knight $105,135.82 as the amount owed under the promissory note,[2] $21,659.44 for attorney's fees and costs through trial, and additional fees if the case was appealed and Knight prevailed. This appeal followed.

## ANALYSIS

### I. The trial court did not err in granting Knight summary judgment on his claim for breach of contract.

We address appellant's third issue first because success on this issue would afford him the greatest relief. *See CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000); *Caballero v. Caballero*, No. 14-16-00513-CV, 2017 WL 6374724, at *3

---

[2] Because the $250 monthly payment did not cover the interest accruing on the $86,500 principal, the amount Leonard owed Knight increased during the four-year term of the note.

(Tex. App.—Houston [14th Dist.] Dec. 14, 2017, no pet.) (mem. op.) (addressing appellate issue providing greatest possible relief first). In that issue, Leonard argues summary judgment was improper on Knight's claim for breach of contract because a question of fact existed regarding Leonard's affirmative defense of prior material breach.

## A.    Standard of review

We review a trial court's order granting a traditional summary judgment de novo. *Mid-Century Ins. Co. v. Ademaj*, 243 S.W.3d 618, 621 (Tex. 2007). In reviewing a grant of summary judgment, we consider all of the evidence in the light most favorable to the nonmovant. *Ron v. AirTran Airways, Inc.*, 397 S.W.3d 785, 788 (Tex. App.—Houston [14th Dist.] 2013, no pet.). When a plaintiff moves for summary judgment on its cause of action, it must conclusively prove all essential elements of its claim as a matter of law. *Cullins v. Foster*, 171 S.W.3d 521, 530 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). Evidence is considered conclusive if reasonable people could not differ in their conclusions. *Dias v. Goodman Mfg. Co., L.P.*, 214 S.W.3d 672, 676 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). The nonmovant has no burden to respond to a motion for summary judgment unless the movant conclusively establishes each element of its cause of action as a matter of law. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222–23 (Tex. 1999). If the movant establishes its entitlement to judgment, then the burden shifts to the nonmovant to come forward with competent controverting evidence sufficient to raise a genuine issue of material fact. *Muller v. Stewart Title Guar. Co.*, 525 S.W.3d 859, 868 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

Once Knight proved his entitlement to summary judgment as a matter of law, it became Leonard's burden as the non-movant to present grounds for avoiding summary judgment. *Home Loan Corp. v. JPMorgan Chase Bank, N.A.*, 312 S.W.3d 199, 205

4

(Tex. App.—Houston [14th Dist.] 2010, no pet.). To avoid summary judgment by raising an affirmative defense, the non-movant must do more than merely plead the affirmative defense. *Lujan v. Navistar Fin. Corp.*, 433 S.W.3d 699, 704 (Tex. App.—Houston [1st Dist.] 2014, no pet.). In addition, the non-movant must produce sufficient evidence to conclusively prove or at least raise a material issue of fact as to each element of the affirmative defense. *See Wiggins v. Overstreet*, 962 S.W.2d 198, 200 (Tex. App.—Houston [14th Dist.] 1998, pet. denied).

## B. Leonard did not raise a genuine issue of material fact on his affirmative defense of prior material breach.

When one party to a contract commits a material breach of that contract, the other party is discharged or excused from further performance. *PAJ, Inc. v. Hanover Ins. Co.*, 243 S.W.3d 630, 633 (Tex. 2008). The contention that a party is excused from its contract performance by the other party's prior material breach is an affirmative defense. *Henry v. Masson*, 333 S.W.3d 825, 834 (Tex. App.—Houston [1st Dist.] 2010, no pet.). Non-material breaches do not excuse future performance by the non-breaching party. *Bartush-Schnitzius Foods Co. v. Cimco Refrigeration, Inc.*, 518 S.W.3d 432, 436 (Tex. 2017). Materiality is normally a question of fact, but it "may be decided as a matter of law . . . if reasonable jurors could reach only one verdict." *Id.* In determining the materiality of a breach, courts consider, among other things, the extent to which the non-breaching party will be deprived of the benefit that it reasonably could have anticipated from full performance. *Hernandez v. Gulf Group Lloyds*, 875 S.W.2d 691, 693 (Tex. 1994). The less the non-breaching party is deprived of the expected benefit of the contract, the less material the breach. *Id.*

Knight admits he did not file a motion to dismiss the prior lawsuit with prejudice. Instead, the trial court dismissed the prior lawsuit without prejudice for want of prosecution. Leonard argues Knight's failure to do as he promised in the settlement

5

agreement is a material breach of the agreement because a dismissal "without prejudice is not a determination on the merits of the case," while a dismissal with prejudice "would mean that [Leonard] did not commit [the] allegations and claims in the underlying suit." Leonard cites no authority for the latter proposition, and our own research reveals none. Although a dismissal with prejudice does operate as a determination on the merits of the claim, it does so for the purpose of barring future litigation of the same claim. *See Mossler v. Shields*, 818 S.W.2d 752, 754 (Tex. 1991); *In re Guardianship of Patlan*, 350 S.W.3d 189, 196 (Tex. App.—Austin 2011, no pet.).

Knight and Leonard entered into the settlement agreement "for the purpose of finally resolving and terminating any and all controversies between [them] and to buy peace." As a result of the settlement agreement, Knight took no further action in the trial court where the prior lawsuit was pending, and the lawsuit was eventually dismissed for want of prosecution on September 23, 2010. Knight took no action to revive the prior lawsuit after it was dismissed by the trial court. Leonard confirmed this when he stated that he was unaware that the prior lawsuit had been dismissed without prejudice until December 4, 2015. Although there is evidence that Knight breached the settlement agreement by failing to dismiss the prior lawsuit with prejudice, Leonard did not carry his burden to present evidence that this breach was material—e.g, that he was deprived of the benefit he reasonably expected to receive from the settlement. *See FedGess Shopping Ctrs., Ltd. v. MNC SSP, Inc.*, No. 14-07-00211-CV, 2007 WL 4387337, at *3 (Tex. App.—Houston [14th Dist.] Dec. 18, 2007, no pet.) (mem. op.) (holding summary judgment proper against defense of prior material breach where defendant failed to produce evidence implicating materiality). Instead, the summary judgment evidence indicates that Leonard received the expected benefit: the prior lawsuit was terminated and not revived. *See Hernandez*, 875 S.W.2d at 693. There is no indication in the record that, at the time Leonard failed to make his

final payment, Knight could have refiled the claims dismissed in the prior lawsuit. We therefore hold that Leonard did not raise a genuine issue of material fact on his affirmative defense of prior material breach, and the trial court did not err when it granted Knight's motion for summary judgment. We overrule Leonard's third issue.

## II. The trial court did not err in granting Knight summary judgment on the amount of his attorney's fees.

We address Leonard's first two issues together because both challenge the trial court's grant of Knight's motion for summary judgment on his attorney's fees.

### A. Leonard did not raise a genuine issue of material fact because his affidavit regarding fees is conclusory.

In his motion for summary judgment, Knight asked the trial court to award him the attorney's fees he incurred in pursuing his claim for breach of contract against Leonard. In support of that request, Knight attached an affidavit prepared by his attorney, Mark Junell. Junell ultimately stated that the attorney's fees and costs incurred in the suit were $21,659.44. Junell then opined that this amount was reasonable and necessary.

Leonard argues in his first issue that the trial court erred when it granted Knight summary judgment on his request for attorney's fees because the affidavit of his own attorney, Suzan Sanders, was sufficient to raise a genuine issue of material fact on the reasonableness of Knight's attorney's fees.[3] Leonard attached the affidavit to his response to Knight's motion for summary judgment. Sanders states in her affidavit that "the amount of fees claimed by Knight's attorney are not reasonable or necessary." Sanders offered no facts explaining her conclusion.[4] Knight, who did not object to

---

[3] Leonard does not separately contend that the substance of Junell's affidavit, standing alone, is insufficient to support summary judgment for Knight's attorney's fees. We therefore do not address that issue.

[4] Sanders addressed the fees she had incurred on behalf of her client. She did not, however,

7

Sanders's affidavit in the trial court, responds that the affidavit did not raise a fact issue on the reasonableness of his fees and costs because it is conclusory and therefore no evidence. We agree.

A conclusory statement is one that expresses a factual inference without providing underlying facts to support that conclusion. *See, e.g., Arkoma Basin Expl. Co. v. FMF Assocs. 1990-A, Ltd.*, 249 S.W.3d 380, 389 n.32 (Tex. 2008); *Dolcefino v. Randolph*, 19 S.W.3d 906, 930 & n.21 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (holding statement in affidavit that "this was false and defamatory and has injured me in my profession" was conclusory). Affidavits that state conclusions without providing underlying facts to support those conclusions are not proper summary judgment evidence. *See Padilla v. Metro. Transit Auth. of Harris County*, 497 S.W.3d 78, 86 (Tex. App.—Houston [14th Dist.] 2016, no pet.). To avoid being excluded as conclusory, an affidavit must contain specific factual bases, admissible in evidence, from which any conclusions are drawn. *See id*. An objection that statements in an affidavit are conclusory asserts a defect of substance, which may be raised for the first time on appeal. *Pipkin v. Kroger Tex., L.P.*, 383 S.W.3d 655, 670 (Tex. App.—Houston [14th Dist.] 2012, pet. denied).

Because Sanders did not include any facts to support her conclusion that Knight's fees and costs were not reasonable and necessary, we hold her affidavit is conclusory and therefore not competent summary judgment evidence. *Hovorka v. Cmty. Health Sys., Inc.*, 262 S.W.3d 503, 512 (Tex. App.—El Paso 2008, no pet.). Leonard cites our opinion in *Engel v. Pettit*, 713 S.W.2d 770, 773 (Tex. App.—Houston [14th Dist.] 1986, no writ), but it does not address when a fee affidavit is

---

make any attempt to compare the amount of fees she incurred to those claimed by Knight. Nor did she suggest that Junell's fees were not reasonable because they were significantly higher than her own.

conclusory. In *Engel*, the plaintiff sued the defendant to collect on a promissory note. *Id.* at 771. The plaintiff moved for summary judgment on the amount owed under the note as well as his attorney's fees. *Id.* The trial court granted the motion and the defendant appealed. *Id.* On appeal, a panel of this Court held that the defendant's fee affidavit raised a fact issue on the amount of the plaintiff's attorney's fees. *Id.* at 772–73. The affidavit read as follows, in pertinent part: "I have reviewed the file in the above case. I have handled many debt collection cases. The fee of $2,000.00 in the above case for services rendered by Plaintiff's attorney is excessive and unreasonable." *Id.* at 771–72.

In a civil case, we are limited to addressing the issues raised by the parties. *See* Tex. R. App. P. 38.1(f) ("The brief must state concisely all issues or points presented for review."); *Ward v. Lamar Univ.*, 484 S.W.3d 440, 453 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (explaining that our "adversary system of justice . . . depends on the parties to frame the issues for decision and assigns to courts the role of neutral arbiter of the matters that the parties present."); *Dallas Cnty. v. Crestview Corners Car Wash*, 370 S.W.3d 25, 57 (Tex. App.—Dallas 2012, pet. denied) ("We look to the issues and the arguments and authorities in appellant's brief to determine the grounds presented for appellate review and will consider all issues fairly raised."); *Bankhead v. Maddox*, 135 S.W.3d 162, 163–64 (Tex. App.—Tyler 2004, no pet.) (stating that "an appellate court has no discretion to fabricate an issue not raised in the appellant's brief."). In *Engel*, the plaintiff did not argue on appeal that the affidavit of the defendant's attorney was conclusory. *Engel*, 713 S.W.2d at 773. Because *Engel* did not address that argument, it does not require a different result here. We overrule Leonard's first issue.

## B. Leonard did not preserve his second issue for appellate review.

Leonard contends in his second issue that the trial court erred when it considered

9

Junell's fee affidavit because (1) Knight allegedly failed timely to designate his attorney as an expert; and (2) Knight did not supplement his discovery responses with the items required by Rule 194.2(f)(4)(A) of the Texas Rules of Civil Procedure, including Junell's billing records. We address each contention in turn.

With respect to his contention that Knight did not timely designate his attorney as an expert, Leonard asserts that under the trial court's docket control order of May 27, 2015, expert designations were due by February 4, 2016. Leonard does not, however, provide a citation to where in the appellate record that docket control order can be found, and our own investigation has not located it. Leonard therefore has not shown any error by the trial court related to Knight's expert designation. *See Aldous v. Bruss*, 405 S.W.3d 847, 859 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ("A party asserting error on appeal bears the burden of showing that the record supports the contention raised and of specifying the place in the record where the matters upon which he relies or of which he complains are shown.").[5]

We turn next to Leonard's complaint that Knight's alleged failure to supplement his discovery responses with Junell's billing records (among other things) rendered Junell's fee affidavit inadmissible. Leonard included an objection to the admissibility of Junell's affidavit in his summary judgment response, but he did not obtain an express ruling on that objection. On appeal, Leonard argues that he preserved this complaint because the trial court's action in granting Knight's motion for summary judgment implicitly overruled his objection to Junell's affidavit. We disagree. *See Parkway Dental Assocs., P.A. v. Ho & Huang Props., L.P.*, 391 S.W.3d 596, 603–04 (Tex.

---

[5] Even if the record included a docket control order setting the deadline to designate experts on February 4, 2016 as asserted by appellant, the record reveals that Knight filed his expert designation on April 15, 2016, almost exactly four months before the trial court granted Knight's motion for summary judgment. Leonard has not demonstrated how he was harmed by the late designation. *See* Tex. R. App. P. 44.1.

10

App.—Houston [14th Dist.] 2012, no pet.) (stating that this Court has refused to recognize the granting of a summary judgment motion as an implied overruling of the nonmovant's evidentiary objections).  Obtaining an express ruling on an objection to summary judgment evidence is necessary to preserve error for appellate review.  *Id.* Because Leonard did not obtain a ruling on his objection to Junell's affidavit, he has not preserved any complaint he may have had for appellate review. We overrule Leonard's second issue.

CONCLUSION

Having overruled each of Leonard's issues raised in this appeal, we affirm the trial court's judgment.


/s/ J. Brett Busby
   Justice


Panel consists of Justices Jamison, Busby, and Donovan.

11