**Affirmed and Memorandum Opinion filed October 23, 2018.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-17-00307-CV

---

### LEWIS ATCHISON, Appellant

### V.

### MEMORIAL HERMANN MEMORIAL CITY HOSPITAL, KEITH ALEXANDER, ELLEN DAVIS, HELEN NILSEN, R.N., BERNADETTE POLLARD, AND CORY SMITH, Appellees

---

**On Appeal from the 61st District Court
Harris County, Texas
Trial Court Cause No. 2016-21371**

---

## M E M O R A N D U M   O P I N I O N

Appellant Lewis Atchison appeals from the summary judgment entered in favor of Memorial Hermann Memorial City Hospital ("Hospital"), Keith Alexander, Ellen Davis, Helen Nilsen, R.N., Bernadette Pollard, Ellen Davis, and Cory Smith (collectively, the "Memorial Hermann Parties") on his claims for malicious prosecution and intentional infliction of emotional distress. We affirm.

*Factual Background*

Atchison's mother was a patient in the intensive care unit at the Hospital. On November 22, 2014, police responded to a complaint of criminal trespass at the Hospital. According to the police report, Pollard, the Nurse Supervisor, said she wanted Atchison removed from the Hospital. She stated that "last week," Hospital administration met with Atchison concerning his behavior inside the Hospital, and Atchison agreed to follow Hospital rules and visitation hours. Pollard stated that she was aware that Atchison's mother was going "to pass away but she could not tolerate [Atchison] to be acting disrespectful and aggressive towards the Hospital staff." Atchison came to the Hospital that morning during non-visitation hours and refused to leave when the Hospital's security personnel told him to do so. The police escorted Atchison to the main lobby, where Pollard told Atchison that he could not return to the Hospital or he would be arrested for trespassing. The police observed Atchison leave the premises without any problem.

Later that day, Officer Salazar, who was working an extra job at the Hospital, was advised by the Hospital security staff that there was a trespasser on the premises. In the supplemental police report, Salazar stated that he recognized Atchison as the same person he had spoken to the week before "about multiple complains [sic] on him and his aggressive conduct towards the medical staff in the hospital." The security officers informed Salazar that police had escorted Atchison from the Hospital that morning and given him verbal warnings.

Salazar detained Atchison and escorted him to the security staff. Salazar contacted the "[District Attorney's] office and spoke with [Assistant District Attorney] DeAngelo" and "gave DeAngelo the details of the incident and she accepted charges for criminal trespass." Upon Salazar's request, a unit transported Atchison to jail. On March 26, 2015, the trespass charge against Atchison was

2

dismissed.

*Procedural Background*

On April 4, 2016, Atchison sued the Memorial Hermann Parties for malicious prosecution and intentional infliction of emotional distress. The Memorial Hermann Parties filed a traditional motion for summary judgment. They argued that they had negated one element of each of Atchison's claims for malicious prosecution and intentional infliction of emotional distress. The Memorial Hermann Parties submitted a certified copy of the police report in support of their motion for summary judgment. Atchison responded to the motion by filing "Plaintiff's Affidavit in Opposition to Defendant's 'Traditional' Motion for Summary Judgment," in which he asserted, in part, that (1) "[t]he allegations made by the Defendants in the exhibit (police report) produced in support of their MSJ are false"; and (2) he required a continuance to obtain discovery to respond to the motion for summary judgment.

The Memorial Hermann Parties replied that they already had agreed to extend the submission date by a month and requested that Atchison's motion for continuance be denied. The Memorial Hermann Parties further objected to portions of Atchison's affidavit as hearsay, conclusory, vague, lacking in foundation, and not reflecting personal knowledge. They requested the trial court to strike those portions of the affidavit.

On the submission date for the motion for summary judgment, Atchison filed "Plaintiff's Consolidated Motion and Brief in Opposition to Defendants' 'Traditional Motion for Summary Judgment.'" Atchison, again, requested that the trial court continue the motion for summary judgment until after the Memorial Hermann Parties had answered his discovery requests. Atchison also objected to the certified copy of the police report as hearsay.

After Atchison filed his consolidated motion and brief, the Memorial Hermann Parties filed a motion to strike Atchison's response to the summary judgment motion, asserting it was filed untimely and without leave of court. A few days later, Atchison filed another "Plaintiff's Affidavit in Opposition to Defendants' 'Traditional' Motion for Summary Judgment," which appears to be identical to his first affidavit, except that it was notarized unlike the previous one.

The Memorial Hermann Parties filed a motion to strike Atchison's second affidavit as untimely. Atchison then filed a motion for leave to file a post-submission affidavit and "Plaintiff's Consolidated Motion and Brief in Opposition to Defendant's 'Traditional Motion for Summary Judgment,'" which appears to be identical to the document he previously filed, and a third affidavit, which is identical to the previous two affidavits. The Memorial Hermann Parties responded to Atchison's motion for leave by arguing that he was required to file his motion for leave before filing the affidavit and written response to the motion for summary judgment and it was further untimely because it was filed 18 days after the initial filing of his affidavit.

The trial court granted final summary judgment in favor of the Memorial Hermann Parties. The trial court, however, did not rule on the Memorial Hermann Parties' motions to strike or objections to Atchison's affidavit or on Atchison's requests for a continuance or his objection to the police report.

*Standard of Review*

We review de novo a trial court's grant of summary judgment. *See Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). In reviewing a traditional summary judgment motion, all evidence favorable to the nonmovant is taken as true, and we draw every reasonable inference and resolve all doubts in favor of the nonmovant. *Cura-Cruz v. CenterPoint Energy Houston Elec.,*

4

*LLC*, 522 S.W.3d 565, 575 (Tex. App.—Houston [14th Dist.] 2017, pet. denied); *Wyly v. Integrity Ins. Solutions*, 502 S.W.3d 901, 904 (Tex. App.—Houston [14th Dist.] 2016, no pet.). The movant has the burden to establish that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002) (citing Tex. R. Civ. P. 166a(c)). A defendant is entitled to summary judgment if it conclusively negates at least one element of the plaintiff's claim. *Henkel v. Norman*, 441 S.W.3d 249, 251 (Tex. 2014) (per curiam).

*Analysis*

In this appeal, Atchison asserts that there was not an adequate time for discovery and the Memorial Hermann Parties did not negate any of the elements of his claims for malicious prosecution and intentional infliction of emotional distress.

## I.    Adequate Time for Discovery

Atchison claims that the granting of the Memorial Hermann Parties' "traditional" motion for summary judgment without allowing discovery was tantamount to granting a "no evidence" motion for summary judgment. Texas Rule of Civil Procedure 166a(i) provides that, after an adequate time for discovery has passed, a party may move for summary judgment on the ground that there is no evidence of one or more of the essential elements of a claim on which the nonmovant would have the burden of proof at trial. Tex. R. Civ. P. 166a(i). However, this time restriction for filing a no-evidence motion for summary judgment is not applicable to a traditional summary-judgment motion.[1] *See Pinson v. First Fin. Capital Corp.,* 14-05-00353-CV, 2006 WL 6319822, at *1 (Tex. App.—Houston [14th Dist.] Aug.

---

[1] Atchison asserts that a docket control order's discovery cut-off date was two months after the summary judgment was granted. However, the docket control order is not in our record.

5

24, 2006, no pet.) (mem. op.) (holding that a traditional motion for summary judgment may be filed at any time as long as the motion and any supporting affidavits are filed and served at least twenty-one days before the hearing date). The Memorial Hermann Parties filed a traditional motion, not a no-evidence motion for summary judgment. Therefore, we overrule this issue.

## II.  Malicious Prosecution

Atchison contends that the Memorial Hermann Parties did not negate any elements of his claim for malicious prosecution. To prevail on a claim of malicious prosecution, a plaintiff must establish the following elements: (1) the commencement of a criminal prosecution against the plaintiff; (2) initiation or procurement of the action by the defendant; (3) termination of the prosecution in the plaintiff's favor; (4) the plaintiff's innocence; (5) the absence of probable cause for the proceedings; (6) malice in filing the charge; and (7) damages to the plaintiff. *Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 517 (Tex. 1997). The Memorial Hermann Parties moved for summary judgment on the second element—the initiation or procurement of the action by the defendant.

A person initiates a criminal prosecution if he makes a formal charge to law enforcement authorities. *Browing-Ferris Indus., Inc. v. Lieck*, 881 S.W.2d 288, 292 (Tex. 1994) (citing Restatement (Second) of Torts, § 653, cmt. c).[2] A person procures a criminal prosecution if his actions are enough to cause the prosecution

---

[2] *See also Gonzalez v. Grimm*, 479 S.W.3d 929, 935 (Tex. App.—El Paso 2015, no pet.) ("*Initiating* the action describes executing the charging instrument which goes before the magistrate, who then may issue an arrest warrant."); *Alvarez v. Anesthesiology Assocs.*, 967 S.W.2d 871, 875 (Tex. App.—Corpus Christi 1998, pet. denied) ("'Initiation' occurs when a defendant is the entity that actually files the charges."); Restatement (Second) of Torts, § 653 cmt. c ("Criminal proceedings are initiated by making a charge before a public official or body in such form as to require the official body to determine whether process shall or shall not be issued against the accused.").

6

and, but for his actions, the prosecution would not have occurred. *Id.* (citing Restatement (Second) of Torts, § 653, cmts. d, f–h). Procurement requires that a person's actions be both necessary and a sufficient cause of the criminal prosecution. *Id.* Merely reporting a crime and the suspected criminal to law enforcement authorities does not constitute procurement of criminal proceedings when the authorities exercise discretion in deciding whether to prosecute. *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 509 (Tex. 2002); *Dangerfield v. Ormsby*, 264 S.W.3d 904, 911 (Tex. App.—Fort Worth 2008, no pet.).

Officer Salazar used his discretion to contact the District Attorney's Office about charging Atchison with criminal trespass, and DeAngelo used her discretion to accept the charges for the offense of criminal trespass. Atchison stated in his affidavit that "[t]he allegations made by the Defendants in the exhibit (police report) produced in support of their MSJ are false." The Memorial Hermann Parties assert that Atchison's statement is conclusory.[3] A conclusory statement does not provide the underlying facts to support the conclusion and is not proper summary judgment evidence. *Leonard v. Knight*, 551 S.W.3d 905, 911 (Tex. App.—Houston [14th Dist.] 2018, no pet.). Conclusory affidavits are not sufficient to raise fact issues because they are not susceptible of being readily controverted. *Hoagland*, 396 S.W.3d at 192. Atchison provides no facts to support his statement that the allegations in the police report are false. Therefore, we find that this statement is

---

[3] As noted above, the trial court did not rule on the Memorial Hermann Parties' objections to Atchison's affidavit, including their objection that the affidavit is conclusory. Substantive defects include an objection that statements in the affidavit are conclusory. *McMahan v. Greenwood*, 108 S.W.3d 467, 498 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). Failure to obtain a ruling on a substantive defect does not waive the complaint on appeal. *Hoagland v. Butcher*, 396 S.W.3d 182, 192 n.12 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). Therefore, the Memorial Hermann Parties did not waive their argument that Atchison's affidavit statement that the allegations in the police report are false is conclusory by not obtaining a ruling on the objection.

conclusory and does not create a fact issue as to the element of initiation or procurement of the criminal action against Atchison.

We hold that the Memorial Hermann Parties conclusively negated the element of initiation or procurement of the charge of criminal trespass against Atchison. Therefore, the trial court did not err by granting summary judgment in favor of the Memorial Hermann Parties on Atchison's claim for malicious prosecution. We overrule this issue.

### III.    Intentional Infliction of Emotional Distress

Atchison further asserts that the Memorial Hermann Parties did not negate any elements of his claim for intentional infliction of emotional distress. The only conduct of the Memorial Hermann Parties that Atchison identified as causing emotional distress was procuring his arrest. To recover damages for intentional infliction of emotional distress, a plaintiff must establish that (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe. *Hoffmann-LaRoche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex. 2004). Extreme and outrageous conduct is conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civil community." *Id.* (internal quotation marks and citation omitted). It is for the court to determine in the first instance whether a defendant's conduct was extreme and outrageous. *Id.* The Memorial Hermann Parties sought summary judgment on the ground that their conduct was not extreme and outrageous.

"[A]n intentional infliction claim is unavailable to plaintiffs who bring unmeritorious malicious prosecution claims absent conduct otherwise outside the bounds of human decency." *Espinosa v. Aaron's Rents, Inc.*, 484 S.W.3d 533, 545

(Tex. App.—Houston [1st Dist.] 2016, no pet.). The reporting of activity to the police does not constitute extreme and outrageous behavior. *Id.* at 546; *see also Lang v. City of Nacogdoches*, 942 S.W.2d 752, 760 (Tex. App.—Tyler 1997, writ denied) (stating that there is no liability for intentional infliction of emotional distress where an actor does no more than insist on his legal rights).

After having agreed to comply with the Hospital's rules and visitation hours, Atchison arrived at the Hospital during non-visitation hours. When told to leave, Atchison refused, and the police escorted him to the main lobby, where Pollard told Atchison that he would be arrested for trespassing if he returned to the Hospital. That afternoon, Atchison returned to the Hospital, and the Hospital's security personnel advised Officer Salazar that a trespasser, who had been told that morning to leave and advised that he would be arrested for trespassing if he returned, had returned to the Hospital's premises. We hold that reporting trespassing to the police was not extreme and outrageous conduct. *See Lang*, 942 S.W.2d at 759–60 (holding that reporting trespassing to the police after the trespassers had been warned to not enter premises without permission was not outrageous behavior as citizens have a duty to report criminal activity to the police).[4] We overrule this issue.

---

[4] *See also Hunt v. Airline House, Inc.*, No.14-16-00450-CV, 2017 WL 3927231, at *4 (Tex. App.—Houston [14th Dist.] Sept. 7, 2017, no pet.) (mem. op.) (holding conduct in facilitating the appellant's removal from halfway house by telling his parole officer that he had falsified documentation of his attendance at AA/NA meetings was not so extreme and outrageous as to permit recovery for intentional infliction of emotional distress); *Torres v. GSC Enters., Inc.*, 242 S.W.3d 553, 563 (Tex. App.—El Paso 2007, no pet.) (holding that reporting to law enforcement authorities that someone had misappropriated $250,000 from a money order company was not extreme and outrageous conduct, which was essential to prove intentional infliction of emotional distress); *Backman v. J.C. Penney Co.*, No. 14-03-00436-CV, 2004 WL 2283596, at *5 (Tex. App.—Houston [14th Dist.] Oct. 12, 2004, no pet.) (mem. op.) (holding that store's reporting to police the assault of an employee by a customer did not rise to level of conduct so extreme and outrageous as to permit recovery for intentional infliction of emotional distress).

*Conclusion*

Having overruled all of Atchison's issues, we affirm the judgment of the trial court.


/s/    Martha Hill Jamison
        Justice


Panel consists of Chief Justice Frost and Justices Christopher and Jamison.