**Opinion issued July 11, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00086-CV

————————————

**BRUCE W. DANIELS, Appellant**

**V.**

**ENRIQUE R. CORTEZ AND VENESSA CORTEZ, Appellees**

---

**On Appeal from the 190th District Court**
**Harris County, Texas**
**Trial Court Case No. 2017-39154**

---

## MEMORANDUM OPINION

This is a suit for declaratory relief associated with an outstanding note

secured by real property. Enrique and Venessa Cortez sued the holders of the note,

Bruce and Scholanda[1] Daniels, seeking a determination of the amount of principal and interest owed. The trial court granted summary judgment in favor of the Cortezes and issued the declaratory judgment they requested. On appeal, Bruce Daniels challenges the trial court's grant of summary judgment. We affirm.

## Background

In August 2010, Bruce and Scholanda Daniels sold a home to Enrique and Venessa Cortez. The purchase price was paid by "wraparound" financing, where the Cortezes executed a promissory note payable to the Danielses in the exact amount of the existing first lien mortgage on the property that they owed to a lender. The Cortezes paid the balance of the purchase price in cash at the time of closing. At closing, the Danielses executed and delivered a warranty deed with vendor's lien to the Cortezes, and the Cortezes executed and delivered a promissory note with the principal payment in the amount of the mortgage, along with a deed of trust securing its payment.

In 2017, the Cortezes contracted to sell the property to a third party. They requested a payoff statement from the Danielses, but the Danielses failed to provide one. After the Cortezes were unable to close on the sale of the property, they sued the Danielses seeking a declaratory judgment determining the amount of principal and interest owed on their second lien promissory note. Scholanda

---

[1] The record contains many different spellings of Ms. Daniels's first name. We have chosen the spelling used in the trial court's judgment.

Daniels was served but did not appear or answer, and the court issued a default judgment against her. After hearing, the trial court granted summary judgment in favor of the Cortezes. Bruce Daniels appeals.

## Summary Judgment

Daniels presents one issue on appeal, that he "created genuine issues of material fact on [his] affirmative defenses for excuse and failure to satisfy conditions precedent." His principal argument is that the contract for sale required the Cortezes to seek his consent before selling the home. The Cortezes respond that the trial court properly granted summary judgment because whether they were required to seek consent before selling the property has no bearing on a determination of the payoff amount.

### A. Standard of Review

Declaratory judgments rendered by summary judgment are reviewed under the same standards that govern summary judgments generally. *Hourani v. Katzen*, 305 S.W.3d 239, 248 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). We review the trial court's grant of a summary judgment de novo. *Ferguson v. Bldg. Materials Corp. of Am.*, 295 S.W.3d 642, 644 (Tex. 2009) (per curiam) (citing *Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 192 (Tex. 2007)).

The summary judgment motion before us turns on questions of contract interpretation. When a court is called upon to interpret a contract, the court will give plain meaning to the words used in the writing. *See City of Pinehurst v. Spooner Addition Water Co.*, 432 S.W.2d 515, 518–19 (Tex. 1968). When reviewing a contract, our goal is to determine the parties' true intentions as expressed in the instrument. *See Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). We do not read any provision in isolation but consider each provision with reference to the whole. *See id.* In interpreting a contract, we give undefined words their plain, ordinary, and generally accepted meanings absent some indication of a different intent. *U.S. Metals, Inc. v. Liberty Mut. Grp., Inc.*, 490 S.W.3d 20, 23 (Tex. 2016). If the contract's language can be given a definite legal meaning or interpretation, then it is not ambiguous, and we will construe the contract as a matter of law. *See El Paso Field Servs., L.P. v. MasTec N. Am., Inc.*, 389 S.W.3d 802, 806 (Tex. 2012) (citing *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 333 (Tex. 2011)). A contract is ambiguous if, after applying the principles of contract construction, it is subject to more than one reasonable interpretation. *See Plains Expl. & Prod. Co. v. Torch Energy Advisors Inc.*, 473 S.W.3d 296, 305 (Tex. 2015).

When the controversy can be resolved by proper construction of an unambiguous document, rendition of summary judgment is appropriate. *See Lopez*

4

*v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 862 (Tex. 2000). "On the other hand, if the contract is subject to two or more reasonable interpretations after applying the pertinent rules of construction, the contract is ambiguous, creating a fact issue on the parties' intent." *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003) (citing *Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.*, 940 S.W.2d 587, 589 (Tex. 1996)).

## B.    Analysis

The Cortezes sought summary judgment on their declaratory judgment action. To obtain a declaration of rights, the Cortezes were required to show that they were an interested party under a "deed, will, contract or other writings constituting a contract" whose legal rights were affected by it. *See* TEX. CIV. PRAC. & REM. CODE § 37.004; *see also Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995) (explaining a declaratory judgment is appropriate when there is a justiciable controversy of the rights and status of the parties and the declaration would resolve the controversy). The Cortezes established that they were parties to a note secured by a deed of trust. They asked the court to resolve the amount due to the Danielses so they could sell the property and pay off the note.

In support of the summary judgment motion, the Cortezes attached documents related to the transaction and affidavits from each of them in which they averred that the balance of the wraparound note is equal to the balance due

under the mortgage. Rule 166a(c) of the Texas Rules of Civil Procedure provides in part that summary judgment may be based on uncontroverted testimonial evidence of an interested witness if the evidence is clear, positive, direct, otherwise credible, free from contradictions and inconsistencies, and could have been readily controverted. TEX. R. CIV. P. 166a(c); *see also FFP Mktg. Co. v. Long Lane Master Tr. IV*, 169 S.W.3d 402, 411 (Tex. App.—Fort Worth 2005, no pet.) (stating an affidavit that sets forth the total balance due on a note is sufficient to sustain an award of summary judgment). The Cortezes's summary judgment evidence shows that (1) the Danielses signed a "Notice" stating that the balance of the first lien mortgage to the mortgage company was $357,0303.02 with an interest rate of 9.125% and a monthly principal and interest payment of $3,013.25; (2) the promissory note executed by the Cortezes contained the same terms and stated that it was a wraparound note, including the amounts due and to become due under the Danielses' first mortgage; (3) the Cortezes's affidavits stated that the balance of the wraparound note is equal to the balance due under the mortgage. Bruce Daniels did not dispute this evidence, and the Cortezes met their burden to establish their entitlement to summary judgment as a matter of law.

Once the Cortezes proved their entitlement to summary judgment, it became Daniels's burden as the nonmovant to present grounds for avoiding summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–

6

79 (Tex. 1979). Daniels contends that the evidence showed that the Cortezes were not entitled to a declaratory judgment because of Daniels's affirmative defenses of condition precedent and excuse. To avoid summary judgment by raising an affirmative defense, the nonmovant must do more than merely plead the affirmative defense. *Lujan v. Navistar Fin. Corp.*, 433 S.W.3d 699, 704 (Tex. App.—Houston [1st Dist.] 2014, no pet.). In addition, the nonmovant must produce sufficient evidence to conclusively prove or at least raise a material issue of fact as to each element of the affirmative defense. *Leonard v. Knight*, 551 S.W.3d 905, 909 (Tex. App.—Houston [14th Dist.] 2018, no pet.). Both of Daniels's affirmative defenses turn on the interpretation of a clause in the financing addendum to the original contract for sale which states, "If all or any part of the Property is sold, conveyed, leased . . . or otherwise sold (including any contract for deed), without Seller's prior written consent. . . Seller may declare the balance of the Note to be immediately due and payable."

First, Daniels argues that seeking his consent before selling the property was a condition precedent. A condition precedent is an event that must happen or be performed before a right can accrue to enforce an obligation. *Solar Applications Eng'g, Inc. v. T.A. Operating Corp.*, 327 S.W.3d 104, 108 (Tex. 2010) (quoting *Centex Corp. v. Dalton*, 840 S.W.2d 952, 956 (Tex. 1992)). To make performance specifically conditional, a term such as "provided that," "on condition that," or

7

some similar phrase of conditional language must normally be included. *Criswell v. European Crossroads Shopping Ctr., Ltd.*, 792 S.W.2d 945, 948 (Tex. 1990). If no such language is used, the terms will be construed as a covenant. *Id.* The clause of the contract Daniels references states that if the Cortezes sell the property without first obtaining consent, Daniels may call the note due. But the language Daniels references does not create a condition that must occur before Daniels provides the payoff information the Cortezes seek, and the Cortezes do not dispute that selling without consent allows Daniels to call the note. As a matter of law, the consent requirement is not a condition precedent.

Daniels also argues that he is excused from providing the payoff information because the Cortezes did not get his consent before selling. *See Mustang Pipeline Co., Inc. v. Driver Pipeline Co., Inc.*, 134 S.W.3d 195, 196 (Tex. 2004) (per curiam) ("It is a fundamental principle of contract law that when one party to a contract commits a material breach of that contract, the other party is discharged or excused from further performance."). In support, he references the same language from the contract. But this language allows Daniels to call the entire note due in a specific circumstance and in no way precludes the Cortezes from selling the property. It does not determine the actual payoff amount. As a matter of law, the Cortezes's failure to seek consent from Daniels does not prevent them from selling the property nor does it excuse Daniels from providing a payoff amount.

We conclude that there was sufficient summary judgment evidence to establish the Cortezes's right to summary judgment as a matter of law. Daniels did not present sufficient grounds to avoid summary judgment, and the trial court did not err in granting summary judgment in favor of the Cortezes. We overrule Daniels's only issue.

## Conclusion

We affirm the judgment of the trial court.

Peter Kelly
Justice

Panel consists of Justices Lloyd, Kelly, and Hightower.