

# NUMBER 13-24-00331-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

KOEPKE, INC.,                                                    Appellant,

v.

STEVE LEWIS, LLC,
D/B/A LEWIS MECHANICAL SALES,                    Appellee.

## ON APPEAL FROM THE 476TH DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Cron**
**Memorandum Opinion by Justice Cron**

The trial court granted appellee Steve Lewis, LLC d/b/a Lewis Mechanical Sales (Lewis LLC) summary judgment on its claim against appellant Koepke, Inc. for recovery on a promissory note. By a single issue, Koepke argues summary judgment was improper because "there was no consideration for the note made the basis of this lawsuit." We

affirm.

## I. BACKGROUND

The material facts in this case are undisputed.

## A. The Settlement Agreement

Koepke was hired as a subcontractor to provide labor and materials for the construction of a surgical center. Koepke in turn contracted with AAON, Inc. to furnish certain materials for the project. AAON had its own agreement with Lewis Mechanical Sales, Inc. (Lewis Inc.), the predecessor to Lewis LLC, which sold equipment to AAON on a commission basis. AAON eventually filed a $72,000 lien against the project for money owed to it by Koepke. At that time, AAON owed Lewis Inc. $55,000 in commissions. Thus, Koepke owed AAON $72,000, and AAON owed Lewis Inc. $55,000.

To settle these debts, Koepke, AAON, and Lewis Inc. entered into a mediated settlement agreement with clear and definite terms. As relevant here, the settlement agreement required Koepke to execute a promissory note in favor of Lewis Inc. in the principal amount of $72,000. In exchange, Lewis Inc. agreed to accept payments under the note in satisfaction of AAON's $55,000 debt. For its part, AAON agreed that, once Koepke paid the note "in full," AAON would release any claims it may have against Koepke, release its lien against the project, and assign its claims against the project to Koepke. The settlement agreement also provided that, "This Agreement and all the covenants, promises and agreements contained herein shall be binding upon and inure to the benefit of the respective legal representatives, personal representatives, heirs, devises, *successors* and assigns of the Parties." (Emphasis added).

2

**B.     The Note and Procedural History**

Per the settlement agreement, Koepke executed a promissory note in favor of Lewis Inc. However, shortly thereafter, at the request of Steve Lewis, the owner of Lewis Inc., Koepke executed a second promissory note with identical terms, except the second note changed the lender to "Steve Lewis, LLC d/b/a Lewis Mechanical Sales (Successor to Lewis Mechanical Sales, Inc.)" and provided a different address for payment. Steve later explained by affidavit that he asked Kopeke to execute the second note due to the pending dissolution of Lewis Inc. Thomas Koepke, the president and namesake of the company, later testified by deposition that his then-attorney advised him to sign the second note "for the mediation, to get it all cleared up and settled."

Like the original note, the second note consisted of a principal amount of seventy-two thousand dollars with an annual interest rate of two percent per annum, subject to the following terms:

> Principal and interest are due and payable in equal monthly installments of One Thousand Five Hundred Sixty-Two and No/100ths Dollars ($1,562.00), on the 1st day of each month, beginning February 1, 2018[,] and continuing monthly until January 1, 2022, when all remaining principal and accrued interest shall be due and paid in full.

After executing the second note, Koepke made two payments by check to "Lewis Mechanical Sales" at the new address and then ceased making payments. During his deposition, Thomas agreed that his company only stopped making payments under the second note because it "was unable to afford the monthly payments" at that time.

Lewis LLC sued Koepke to recover the balance on the second note. Koepke answered by generally denying the note's validity and by filing several counterclaims,

3

including a request for a declaratory judgment that the note was unenforceable for lack of consideration. After the trial court granted Lewis LLC summary judgment on its claim, Koepke non-suited its counterclaims, and this appeal followed.

## II. GOVERNING LAW

### A. Standard of Review

Whether a party was entitled to summary judgment is a question of law we review de novo. *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018). To prevail on a traditional motion for summary judgment, the movant must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). For a plaintiff, this means proving each element of its claim. *See id.* Once a plaintiff establishes its right to summary judgment, the burden shifts to the defendant to present evidence raising a genuine issue of material fact precluding summary judgment. *See Lujan*, 555 S.W.3d at 84. This shifting burden includes the defendant's obligation to raise a genuine issue of material fact on each element of any affirmative defense that might have prevented the trial court from rendering judgment on the plaintiff's claim. *Baptist Mem'l Hosp. Sys. v. Sampson*, 969 S.W.2d 945, 947 (Tex. 1998); *Leonard v. Knight*, 551 S.W.3d 905, 909–10 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

In reviewing summary judgments, we view the evidence in the light most favorable to the nonmovant, crediting favorable evidence if reasonable jurors could do so and disregarding contrary evidence unless reasonable jurors could not. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). Our review is confined to "the issues expressly set out in the motion or in an answer or any other response." TEX. R. CIV. P.

4

166a(c).

## B. Recovery on a Promissory Note

A party bringing a claim for default on a promissory note must prove the following elements: (1) the existence of the note at issue; (2) that the defendant executed the note; (3) that the plaintiff is the owner or legal holder of the note; and (4) the balance due and owing on the note. *Tex. Champps Americana, Inc. v. Comerica Bank*, 643 S.W.3d 738, 745 (Tex. App.—Dallas 2022, pet. denied). A plaintiff may satisfy its burden by submitting an authenticated photocopy of the promissory note with an affidavit in which the affiant swears to facts supporting each element. *López v. Rocky Creek Partners*, 623 S.W.3d 510, 516 (Tex. App.—San Antonio 2021, no pet.). Under the common law, lack of consideration is an affirmative defense to a claim for breach of a promissory note.[1] *McLernon v. Dynegy, Inc.*, 347 S.W.3d 315, 335 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *see also Kroesche v. Wassar Logistics Holdings, LLC*, No. 01-20-00047-CV, 2023 WL 1112002, at *11 (Tex. App.—Houston [1st Dist.] Jan. 31, 2023, pet. denied).

## C. Affirmative Defenses

A party "shall set forth affirmatively" in its responsive pleading any affirmative defense or avoidance to a cause of action. *Godoy v. Wells Fargo Bank, N.A.*, 575 S.W.3d

---

[1] The parties do not contend that the promissory note is a negotiable instrument under the Uniform Commercial Code, and thus, we express no opinion on the matter. *See Great N. Energy, Inc. v. Circle Ridge Prod., Inc.*, 528 S.W.3d 644, 661 (Tex. App.—Texarkana 2017, pet. denied) ("While promissory notes can be and are often referred to as negotiable instruments, they can only be negotiable instruments under Chapter 3 if they constitute 'an unconditional promise or order to pay a fixed amount of money'" (quoting Tex. Bus. & Com. Code Ann. § 3.104(a)(3))). We note, however, that if the promissory note is a negotiable instrument, lack of consideration is also an affirmative defense under the Uniform Commercial Code. Tex. Bus. & Com. Code Ann. § 3.303(b) ("The drawer or maker of an instrument has a defense if the instrument is issued without consideration," which is defined, in part, as "any consideration sufficient to support a simple contract.").

531, 536 (Tex. 2019) (quoting TEX. R. CIV. P. 94); *see also* TEX. R. CIV. P. 93(9) (requiring a responsive pleading that alleges "[t]hat a written instrument upon which a pleading is founded is without consideration" to be verified by affidavit). An affirmative defense is one that does not controvert the facts asserted by the plaintiff, but rather "seeks to establish an independent reason why the plaintiff should not recover." *Godoy*, 575 S.W.3d at 536 (quoting *Gorman v. Life Ins. Co. of N. Am.*, 811 S.W.2d 542, 546 (Tex. 1991)). The purpose of Rule 94's pleading requirement "is to give the opposing party notice of the defensive issue to be tried." *MAN Engines & Components, Inc. v. Shows*, 434 S.W.3d 132, 136 (Tex. 2014). "It is a rule of fairness that requires the defendant to identify affirmative defenses, involving facts distinct from the elements of the plaintiff's claim, so that the plaintiff may reasonably prepare to rebut or explain them." *Id.* For these reasons, a party that fails to expressly plead an affirmative defense generally forfeits that defense as a bar to liability. *Zorrilla v. Aypco Const. II, LLC*, 469 S.W.3d 143, 155 (Tex. 2015).

However, Rule 94's requirements are not absolute. "Whenever possible, we reject form-over-substance requirements that favor procedural machinations over reaching the merits of a case." *Godoy*, 575 S.W.3d at 536 (quoting *Dudley Constr., Ltd. v. Act Pipe & Supply, Inc.*, 545 S.W.3d 532, 538 (Tex. 2018)). For instance, when one party raises an affirmative defense for the first time in summary judgment briefing (either in support of or in opposition to a motion for summary judgment), Rule 94 does not automatically bar the trial court's consideration of the affirmative defense; instead, the other party must animate Rule 94 by objecting to the pleading defect before the trial court renders judgment on the motion. *See id*. at 537(in opposition to summary judgment); *Roark v. Stallworth Oil & Gas,*

6

*Inc.*, 813 S.W.2d 492, 494 (Tex. 1991) (in support of summary judgment). Complaining for the first time in a motion for new trial or on appeal is "too late." *Godoy*, 575 S.W.3d at 537. This preservation requirement prevents parties from laying behind the log and complaining after the fact about a pleading defect that was easily correctable.

## D. Contract Construction

This appeal requires us to construe the settlement agreement. In construing a written contract, our primary concern is to ascertain the parties' intentions as expressed in the instrument. *Sundown Energy LP v. HJSA No. 3, Ltd. P'ship*, 622 S.W.3d 884, 888 (Tex. 2021). A contract term is given its plain and ordinary meaning unless the instrument indicates that the parties intended a different meaning. *Dynegy Midstream Servs., Ltd. P'ship v. Apache Corp.*, 294 S.W.3d 164, 168 (Tex. 2009). The construction of an unambiguous contract is a question of law that we review de novo. *Tawes v. Barnes*, 340 S.W.3d 419, 425 (Tex. 2011).

## III. ANALYSIS

Koepke does not dispute that Lewis LLC met its summary judgment burden of proof. Rather, Koepke argues that summary judgment was improper because Koepke raised a genuine issue of material fact about whether the second note is unenforceable for lack of consideration. Lewis LLC responds that we should not consider this issue because Koepke failed to plead lack of consideration as an affirmative defense, and therefore, it should prevail on appeal by default. For different reasons, we agree with Lewis LLC that the trial court did not err in granting summary judgment.

As a preliminary matter, we conclude that Lewis LLC forfeited any complaint about

7

Koepke's alleged pleading defect. As previously noted, Koepke filed a combined answer and counter petition that did not plead lack of consideration as an affirmative defense but instead sought a declaratory judgment that the second note was unenforceable for lack of consideration. A defendant cannot recast an affirmative defense as a claim for affirmative relief through artful pleading. *Headington Royalty, Inc. v. Finley Res., Inc.*, 623 S.W.3d 480, 499 (Tex. App.—Dallas 2021), *aff'd*, 672 S.W.3d 332 (Tex. 2023). This is especially true when the only apparent reason for bringing such a claim is "to pave an avenue to attorney fees" under the Declaratory Judgment Act. *Id.* at 499 n.23 (quoting *John Chezik Buick Co. v. Friendly Chevrolet Co.*, 749 S.W.2d 591, 594–95 (Tex. App.—Dallas 1988, writ denied)).

Nevertheless, in response to Lewis LLC's motion for summary judgment, Koepke filed a written response arguing, in part, that the trial court should deny summary judgment because the second note "is not enforceable due to a lack of consideration." Koepke elaborated that, unlike the original note executed in favor of Lewis Inc., Lewis LLC "paid nothing and gave no consideration" for the second note. Lewis LLC did not object to Koepke's response under Rule 94. Thus, despite any technical defects that may exist in Koepke's pleadings, the issue was expressly presented to the trial court and is properly before us. *See* TEX. R. CIV. P. 166a(c); *Godoy*, 575 S.W.3d at 537.

"Consideration is a bargained for exchange of promises." *Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 790 (Tex. 2008) (quoting *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 408 (Tex. 1997)). It is undisputed that, other than the promises exchanged in the settlement agreement, Koepke did not receive any additional consideration for

8

making the second promissory note. Thus, our analysis turns on the terms of the settlement agreement.

Koepke argues that it received no consideration for executing the second note in favor of Lewis LLC because, under "the express terms of the [s]ettlement [a]greement," AAON released its claims against Koepke when Koepke executed the original note in favor of Lewis Inc. According to Koepke, there could be no consideration when it executed the second note because "there was no longer any liability owed under the settlement agreement." We disagree.

Under the plain language of the settlement agreement, each promise AAON made to Kopeke was "conditioned upon" Koepke paying off the note. Stated differently, AAON only agreed to release its claims against Koepke, release its lien against the project, and assign its claims against the project to Koepke if Kopeke followed through on its promise to pay the note "in full." It is undisputed that Koepke never made a payment to Lewis Inc. under the first note. Thus, contrary to its suggestion, Koepke had not already performed its obligations under the settlement agreement when it executed the second note.

The settlement agreement also provides that "all the covenants, promises and agreements contained herein shall be binding upon and inure to the benefit of the . . . successors and assigns of the Parties." In this context, "successor" means "[a] corporation that, through amalgamation, consolidation, or other assumption of interests, is vested with the rights and duties of an earlier corporation." *Successor*, Black's Law Dictionary (12th ed. 2024). Therefore, when Koepke executed the second note in favor of "Steve Lewis, LLC d/b/a Lewis Mechanical Sales (Successor to Lewis Mechanical

9

Sales, Inc.)" with identical payment terms, it was simply effectuating one of its promises under the settlement agreement. *See Ulico Cas. Co.*, 262 S.W.3d at 790.

Moreover, just as Koepke is bound by the settlement agreement to pay the settlement amount to Lewis LLC as Lewis Inc.'s successor, Lewis LLC is bound to credit those payments against the commissions owed by AAON, and upon satisfaction of that debt, AAON is bound to release and assign its claims to Lewis LLC. *See ABB Kraftwerke Aktiengesellschaft v. Brownsville Barge & Crane, Inc.*, 115 S.W.3d 287, 293 (Tex. App.—Corpus Christi–Edinburg 2003, pet. denied) (explaining that the essence of consideration is "mutuality of obligation"). To be sure, Lewis LLC has never claimed that it holds two notes, referring to the second note in its summary judgment motion as a "Corrected Promissory Note" that "amended" the original note to reflect that payments should be made to Lewis LLC instead of Lewis Inc. This characterization is consistent with both the inure-to-the-benefit provision of the settlement agreement and Thomas Koepke's testimony that his then-attorney advised him to sign the second note "for the mediation, to get it all cleared up and settled." *See URI, Inc. v. Kleberg County*, 543 S.W.3d 755, 765 (Tex. 2018) ("The parol evidence rule does not, however, prohibit courts from considering extrinsic evidence of the facts and circumstances surrounding the contract's execution as an aid in the construction of the contract's language, but the evidence may only give the words of a contract a meaning consistent with that to which they are reasonably susceptible, *i.e.*, to interpret contractual terms." (internal quotation marks and citations omitted)).

We conclude that Koepke failed to raise a genuine issue of material fact on its

10

affirmative defense. Its sole issue is overruled.

## IV. CONCLUSION

We affirm the trial court's judgment.

JENNY CRON
Justice

Delivered and filed on the
7th day of August, 2025.