**Reversed and Remanded and Memorandum Opinion filed December 21, 2021.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00974-CV

### COASTAL DRYWALL SUPPLY, INC., Appellant

### V.

### ROCKFORT BUILDERS LLC, Appellee

**On Appeal from the County Civil Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 1122163**

## MEMORANDUM OPINION

Appellant Coastal Drywall Supply, Inc. appeals the trial court's summary judgment in favor of appellee Rockfort Builders LLC. In one issue appellant argues that the trial court erred in granting summary judgment because there were material issues of fact remaining. We reverse and remand.

## I.   PROCEDURAL BACKGROUND

Appellant sued appellee for breach of contract, quantum meruit, and interest under the "Prompt Payment Statute"; and appellant requested a lien foreclosure and attorney's fees.  Appellant allegedly sold appellee materials that were incorporated into a residence in Houston.  The value of the materials was alleged to be $13,686.80.  Appellee answered and asserted a general denial.

Appellant moved for summary judgment on its claims for breach of contract and "establishment and foreclosure of a lien."  In appellant's summary judgment motion, appellant argued that it could establish liability on its claims against appellee and, as a result, was entitled to summary judgment without proving damages.  In the summary judgment motion, appellant purported to "waive all causes of action and relief not requested in the Motion for Summary Judgment."  In its prayer, appellant requested a judgment against appellee on its breach of contract claim, a judgment on its lien foreclosure claim, pre and post-judgment interest, attorney's fees, costs of suit, and all other relief to which appellant was entitled.  Appellant attached exhibits, including affidavits and invoices, to its summary judgment motion.  In one such affidavit, appellant's president attested that appellee owed appellant $13,686.80.

Appellee filed a response to appellant's motion and a "counter" motion for summary judgment.  In its response, appellee alleged that "fact issues exist" as to the "amount or quantity" of material delivered to appellee and the "amount of money, if any, owed" to appellant.  In its counter motion for summary judgment, appellee argued that because appellant "waived" all causes of action and relief not requested in appellant's motion for summary judgment, appellee was entitled to summary judgment as a matter of law.

2

Appellant filed an amended motion for summary judgment, omitting the paragraph "waiving" all causes of action and relief not requested in the summary judgment motion and reasserting its request for summary judgment on appellant's claims for breach of contract and lien foreclosure. Appellee responded asserting that even though appellant had amended its motion, the amendment was ineffective to revoke the waiver. Appellee argued that appellant "has previously stipulated to this Court that it has waived all of its claims for damages in this case. [Appellant] cannot now rescind this waiver." Appellee also argued that because appellant did not file a response, appellee's motion should be granted. Appellee further argued that appellant's motion should not be granted because genuine issues of material fact exist as to appellant's claims.

The final judgment indicates that the trial court "heard and considered [appellant's] Motion for Summary Judgment and [appellee's] Counter Motion for Summary Judgment." The trial court denied appellant's motion, granted appellee's counter motion, and ordered that appellant take nothing from appellee. The trial court further denied appellant's request to establish and foreclose its lien.

## II.    SUMMARY JUDGMENT

Appellant argues that the trial court erred in granting summary judgment in favor of appellee. Appellant argues it effectively rescinded its waiver by filing an amended motion for summary judgment. Appellee argues that appellant did not object to appellee's evidence of appellant's waiver and, therefore, did not preserve any issue for appeal. Appellee argues that because appellant "requested no damages or any monetary relief," appellant waived its claims for damages as a matter of law.

3

## A.   General Legal Principles

We review the trial court's grant of a motion for summary judgment de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). In reviewing either a no-evidence or traditional summary judgment motion, we must take as true all evidence favorable to the non-movant and draw every reasonable inference and resolve all doubts in favor of the non-movant. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23–24 (Tex. 2000) (per curiam); *Haven Chapel United Methodist Church v. Leebron*, 496 S.W.3d 893, 899 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

The party moving for a traditional summary judgment has the burden to show that no genuine issue of material fact exists and that the movant is entitled to summary judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Willrich*, 28 S.W.3d at 23. To be entitled to traditional summary judgment, a defendant must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Am. Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997). Evidence is conclusive only if reasonable people could not differ in their conclusions. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

"Waiver may be asserted as an affirmative defense against a party who intentionally relinquishes a known right or engages in intentional conduct inconsistent with claiming that right." *Trelltex, Inc. v. Intecx, L.L.C.*, 494 S.W.3d 781, 790 (Tex. App.—Houston [14th Dist.] 2016, no pet.). The elements of waiver include (1) an existing right, benefit, or advantage held by a party; (2) the party's actual knowledge of its existence; and (3) the party's actual intent to relinquish the right, or intentional conduct inconsistent with the right. *Ulico Cas. Co. v. Allied Pilots Ass'n,* 262 S.W.3d 773, 778 (Tex. 2008). "Waiver is ordinarily a question

4

of fact, but when the surrounding facts and circumstances are undisputed, the question becomes one of law." *Trelltex, Inc.*, 494 S.W.3d at 390–91.

## B.     Analysis

Appellee had the burden to show that it was entitled to summary judgment as a matter of law on its affirmative defense of waiver. In its initial motion, appellant purported to waive all "relief" not requested in its motion for summary judgment. Appellee contended in the trial court that appellant waived any rights to all monetary damages. Prior to the submission or hearing on the initial motion for summary judgment in which appellant purported to waive relief, appellant filed an amended motion for summary judgment and response to appellee's motion for summary judgment omitting the waiver of relief language. Appellant also continued to argue it was entitled to summary judgment on its claims for breach of contract and foreclosure of its lien. Appellant attached affidavits attesting that appellant was owed monetary damages. Thus, appellant disputed that it had waived such damages. We conclude this is sufficient to raise a fact issue regarding appellant's actual intent to relinquish its known right. *See Gifford v. Old Rep. Ins. Co.*, 613 S.W.2d 43, 46 (Tex. App.—Houston [14th Dist.] 1981, no writ.) (holding controverting affidavit filed in response to summary judgment motion raised a fact issue); *see also Engel v. Pettit*, 713 S.W.2d 770, 773 (Tex. App.—Houston [14th Dist.] 1986, no writ) (holding affidavit sufficient to raise question of fact and emphasizing that "the burden of establishing the lack of a genuine issue of material fact is upon the movant, and all doubts are resolved against him.").

Further, in appellant's initial summary judgment motion, appellant argued that in order to be entitled to judgment appellant did not need to prove the amount of monetary damages owed, only that such damages were incurred. Nevertheless, appellant submitted evidence of its monetary damages in the form of invoices and

affidavits both in its motion for summary judgment and response to appellee's motion for summary judgment. Appellant further argued in its initial motion for summary judgment that there "is no genuine issue of material fact as to any element of" its breach of contract claim. In its live petition, appellant sought recovery of $13,686.80 from appellee's purported breach of the contract. In the prayer of appellant's summary judgment motion, appellant asked the trial court to enter judgment on its breach of contract claim.

Appellee argues that appellant has failed to preserve error because appellant did not object to appellee's evidence in support of the motion. However, appellant did not need to object to appellee's evidence to preserve its right to appeal on whether the trial court should have granted appellee's summary judgment motion. *See Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014) (movant has burden to submit sufficient evidence to establish that it is entitled to judgment as a matter of law; where movant fails to do so, burden does not shift to non-movant and non-movant need not respond or present any evidence). Appellant's argument on appeal is not dependent upon appellee's summary judgment proof. Instead, appellant submitted controverting affidavits arguing it was entitled to damages and requesting relief from the trial court in the form of summary judgment in its favor, thus raising a fact issue regarding its intent to waive all claims and "relief not requested" in its initial motion for summary judgment.

We sustain appellant's first issue.

### III. CONCLUSION

The trial court erred in granting summary judgment in favor of appellee on appellee's motion for summary judgment.[1]  As a result, we reverse the final judgment of the trial court granting summary judgment in favor of appellee and remand this case to the trial court.

/s/     Ken Wise
          Justice

Panel consists of Justices Wise, Hassan, and Wilson.

---

[1] We do not address the trial court's denial of appellant's motion for summary judgment and express no opinion as to this ruling.